## CAMPS NEWFOUND/OWATONNA, INC.

### v.

## TOWN OF HARRISON.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1992.
Decided Feb. 28, 1992.

William H. Dale (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

William Plouffe (orally), Drummond, Woodsum, Plimpton & MacMahon, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Camps Newfound/Owatonna, Inc. appeals from a decision of the Superior Court (Cumberland County, *Alexander, J.*) affirming a decision of two of the three Cumberland County Commissioners which affirmed by an evenly divided vote the deci-

sion of the assessors of the defendant Town of Harrison to grant a partial property tax abatement to Plaintiff. Plaintiff contends that the property is overvalued because the Town, in granting the partial abatement, failed to consider adequately the effect of an irrevocable twenty-five-year conservation easement that encumbered the property. Plaintiff alternatively requests that the matter be remanded to the County Commissioners for review by the third commissioner for a tie-breaking vote, or for findings of fact and conclusions of law. Finding no error or abuse of discretion, we affirm the judgment of the Superior Court.

Plaintiff runs two summer camps on Long Lake in the Town of Harrison, a boys' camp (Owatonna) and a girls' camp (Newfound). Plaintiff's property consists of 180 acres of land, including approximately 3845 feet of lake frontage and an island. Plaintiff corporation is a not-for-profit organization, exempt from federal income taxes. In an effort to reduce its property tax liability, Plaintiff granted a twenty-five-year irrevocable conservation easement to the Loon Echo Inland Trust. The easement prohibits residential, commercial, and industrial use of the property, limiting its use to educational, recreational, and conservation purposes.

In 1989, the Town assessors valued the camp property at $2,099,300. Plaintiff applied to the Town for an abatement, see 36 M.R.S.A. § 841(1) (1990), claiming that the easement reduced the value of the property to $575,000.[1] The assessors granted a partial abatement, reducing the value of the camp property to $1,687,668. Plaintiff appealed the decision of the assessors to the County Commissioners. See 36 M.R.S.A. § 844(1) (1990 & Supp.1991).

The County Commissioners held a de novo hearing at which only two of the three Commissioners were present. Neither Plaintiff nor the Town objected to the absence of the third Commissioner, and no continuance was requested. Because the two Commissioners who heard the evidence were divided on the issue of whether the conservation easement mandated a lower assessment, the Commission affirmed the Town's assessment as abated by an evenly divided vote. No findings of fact or conclusions of law were made or requested. Plaintiff moved for reconsideration of the matter to allow the third Commissioner to review the record and to break the tie, but the Town objected and the Commissioners denied Plaintiff's motion. Plaintiff appealed to the Superior Court, see 36 M.R.S.A. § 844(1); M.R.Civ.P. 80B, which affirmed the County Commissioners. Plaintiff's appeal to this court followed.

I.

■ In this case we review directly the decision of the County Commissioners to determine if that decision is supported by substantial evidence in the record. *Town of Steuben v. Lipski*, 602 A.2d 1171, 1172 (Me.1992). The valuation assessed by the Town is presumed valid and the burden is on the taxpayer to prove the valuation to be "manifestly wrong." *Id.* We will not overturn the judgment of the tax assessors unless it is " 'so unreasonable in the light of the circumstances that the property is substantially overvalued and an injustice results, or there is an unjust discrimination, or that the assessment was in some way fraudulent, dishonest or illegal.' " *Delta Chemicals, Inc. v. Town of Searsport*, 438 A.2d 483, 484 (Me.1981) (quoting *Shawmut Inn v. Town of Kennebunkport*, 428 A.2d 384, 393 (Me.1981)). Because the taxpayer has the burden of proof, we will vacate the Commissioners' decision only if the evidence compelled the Commissioners to grant an abatement greater than that granted by the assessors. *Gilmore v. City of Belfast*, 580 A.2d 698, 700 (Me.1990).

■ Plaintiff does not dispute that the value of its property without the encumbrance of the conservation easement is at or close to $2,099,300. Plaintiff presented expert testimony, however, that the existence of the twenty-five-year conservation

---

1. Later, before the Commission, Plaintiff alleged that new evidence showed that the conservation easement reduced the value of its land to $515,000.

easement reduces the value of the property to $515,000.[2] Plaintiff further contends that that evidence compels a finding that $515,000 is the actual "just value" of the property within the meaning of art. IX, § 8 of the Maine Constitution, and is the only finding supported in the record. We disagree.

The Town assessors considered the effect of the easement on Plaintiff's property and granted an abatement of $411,632, or nearly twenty percent of the value.[3] In doing so, the assessors relied on information from professional appraisers and from the State Tax Assessor's Officer, their own knowledge of the property in question, and comparisons with other properties in the Town. Although the method used by the assessors in granting the abatement was somewhat imprecise, the evidence presented before the Commissioners does not compel a finding that the abatement is insufficient.

## II.

■ We find unpersuasive Plaintiff's further contention that in this case it is entitled to a remand to the County Commissioners for a decision by all three Commissioners. Plaintiff argues that the Commissioners' refusal to reconsider the case for the purpose of a decision participated in by all three Commissioners constituted an abuse of discretion that requires such a remand.

Two of the three County Commissioners participated in the *de novo* hearing before the Commission. Under 30–A M.R.S.A. § 72 (Pamph.1991), a majority of the Commissioners constitutes a quorum. Moreover, Plaintiff never objected to the absence of the third Commissioner until after the Commission became divided. Even though the Town could have consented to allowing the third Commissioner to vote, it was not an abuse of discretion for the Commissioners to refuse to present the case to the third Commissioner. *See Pelkey v. City of Presque Isle,* 577 A.2d 341, 343 (Me.1990) (procedural due process assumes that findings in quasi judicial proceedings will be made by members who hear evidence and assess witness credibility). Finally, it would serve no purpose to remand this case for findings of fact because it is clear that the Commissioners are divided on the fundamental issue of the case: the effect of the easement on value.

The entry is:

Judgment affirmed.

All concurring.

■

---

**2.** Plaintiff's expert arrived at the $515,000 figure by calculating the value of the property twenty-five years in the future assuming a certain rate of appreciation, then discounting that future value back to the present assuming a certain discount rate.

**3.** 36 M.R.S.A. § 701–A (1990) provides as follows:

In the assessment of property, assessors in determining just value are to define this term in a manner which recognizes only that value arising from presently possible land use alternatives to which the particular parcel of land being valued may be put. In determining just value, assessors must consider all relevant factors, including without limitation, *the effect upon value of any enforceable restrictions to which the use of the land may be subjected,*

current use, physical depreciation, functional obsolescence, and economic obsolescence. Restrictions shall include but are not limited to zoning restrictions limiting the use of land, subdivision restrictions and any recorded contractual provisions limiting the use of lands. The just value of land is deemed to arise from and is attributable to legally permissible use or uses only.

(Emphasis added.) The Town contends on appeal that 36 M.R.S.A. § 701–A cannot be read to require the assessors to consider a conservation easement in assessing property unless it is a permanent encumbrance. The Town, however, did recognize the easement and granted a partial abatement. Moreover, because the Town failed to raise it before the Superior Court, the issue has not been preserved.