MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2016 ME 16
Docket:        Yor-15-26
Submitted
 On Briefs:    September 28, 2015
Decided:       January 21, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

LINDA PENKUL

v.

TOWN OF LEBANON

PER CURIAM

[¶1] Linda Penkul appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the York County Commissioners, entered after a de novo hearing, denying her request for abatement of real property taxes assessed by the Town of Lebanon. On the record before us, we affirm the judgment.

## I. BACKGROUND

[¶2] On April 1, 2013, Linda Penkul applied for abatement of real property taxes that the Town of Lebanon assessed against her property at a rate of $2,456.62 per year for each of the years 2011, 2012, and 2013. *See* 36 M.R.S. § 841(2)

2

(2015).[1] Penkul asserted that she did not have enough income to meet expenses, and she reported sources of income, assets, debts, and monthly household needs.

[¶3] The Town denied the application for abatement on the basis that the taxes had been paid. The York County Commissioners reached the same decision for the same reason on appeal. *See* 36 M.R.S. § 844(1) (2015). Penkul then filed documents in the Superior Court that the court treated as a complaint for judicial review of the County Commissioners' decision. *See id.*; M.R. Civ. P. 80B(a). Penkul named the Town as a defendant in the document that the court treated as her complaint.[2] The court remanded the matter in September 2013 because the Town and the Commissioners had not explained their decisions and may have misunderstood the applicable law. *See* 36 M.R.S. § 844(1) (authorizing reimbursement of taxes already paid if an abatement is granted). The court "retain[ed] jurisdiction in the event that further review [was] requested."

[¶4] After a new hearing, the Town again denied the request for property tax abatement in March 2014. Penkul appealed to the Commissioners. *See id.*

---

[1]  Although the current version of section 841(2) incorporates amendments that were adopted during the 2011-to-2013 period, none of those amendments was substantive, and the amendments do not affect the issues on appeal. *See, e.g.*, P.L. 2013, ch. 424, § A-24 (effective July 16, 2013) (codified at 36 M.R.S. § 841(2) (2015)); P.L. 2011, ch. 552, § 1 (effective Aug. 30, 2012) (codified as subsequently amended at 36 M.R.S. § 841(2)). We quote and cite to the current statute in this opinion.

[2]  Rule 80B(a) requires that the complaint also be served on the entity that made the final decision. Service on a county may be achieved "by delivering a copy of the summons and of the complaint to one of the county commissioners or their clerk or the county treasurer." M.R. Civ. P. 4(d)(4); *see* M.R. Civ. P. 80B(a); *see also* M.R. Civ. P. 4(c)(3) (authorizing service by any method allowed by Rule 4).

Although we do not have a record of the proceedings before the Commissioners, the Commissioners' decision indicates that on May 7, 2014, they held a de novo hearing in executive session at which they accepted into the record all exhibits presented by the Town as well as Penkul's testimony.[3] The Commissioners left the record open to accept documentation from Penkul. According to their decision, the Commissioners later accepted into the record an additional 129 pages of exhibits from Penkul.

[¶5] In a written decision issued on May 28, 2014, the Commissioners denied Penkul's application for abatement for tax years 2011 and 2012, and remanded the matter to the Town for further action with respect to tax year 2013.

[¶6] After the Commissioners denied the application for abatement for the years 2011 and 2012, the Superior Court, which had "retain[ed] jurisdiction," considered Penkul's appeal from the denial of her application for tax abatement.[4] *See id.* (authorizing an appeal "from the decision of the county commissioners"). Pursuant to the Maine Rules of Civil Procedure, Penkul had the responsibility to meet with all other parties before filing her brief to "agree on the record to be

---

[3] *See* 1 M.R.S. § 405(6)(F) (2015); 36 M.R.S. § 841(2)(E) (2015).

[4] This case highlights the confusion that may be generated when the trial court purports to "retain jurisdiction" after remanding a matter to a government decision maker. The clearer practice is for the court to enter a final judgment remanding the matter. The proceedings undertaken on remand will clarify whether any subsequent appeal might be taken and which entities will have the complete administrative record.

4

filed" and "ensure the preparation and filing with the Superior Court of the record of the proceedings of the governmental agency being reviewed." M.R. Civ. P. 80B(e)(1)(i), (2). The Superior Court ordered Penkul to file what she believed constituted the record before the Town and Commissioners, and directed the Town to do the same within a week thereafter.

[¶7] Penkul submitted to the Superior Court a collection of documents that failed to include either her application for abatement or the decision of the Commissioners as required by M.R. Civ. P. 80B(e)(2). Penkul's submission also did not contain any transcript or minutes of the May 7, 2014, meeting at which the Commissioners accepted her testimony and heard her arguments.[5]

[¶8] The Town then submitted what it characterized as all documents presented to the Commissioners by the Town. These documents included Penkul's abatement application. The Town also provided the 2014 decisions of the Town and the Commissioners. The Town challenged Penkul's inclusion of specified documents, including decisions issued in other abatement cases, as never having been presented to the Commissioners. On the record before us, we cannot determine whether these documents were admitted, and due to the absence of a

---

[5] In June 2013, Penkul filed with the court a copy of the minutes from the May 2013 meeting at which the Commissioners *initially* decided to deny her application for tax abatement, but no minutes or transcript of the May 2014 proceedings were provided to the Superior Court at any time.

transcript or minutes of the Commissioners' hearing, we cannot know what arguments Penkul may have raised regarding these documents.

[¶9]  Nonetheless, in Penkul's Superior Court brief, she raised arguments suggesting that her application had been treated unfavorably due to her status as a single woman heading a household, relying on the documents that the Town contends the Commissioners never received.  Penkul did not explicitly refer or cite to the United States or Maine Constitution in her brief to the Superior Court.

[¶10]  After hearing oral arguments, the Superior Court affirmed the decision of the Commissioners with respect to the 2011 and 2012 tax years.[6]  The court did not reach any explicit determination about the scope of the record presented on appeal, stating only that it had reviewed "the documents that were presented to the Selectmen and Commissioners."  *See* M.R. Civ. P. 80B(e)(2).  The Court determined that the documents showed no error or abuse of discretion on the part of the Town or the Commissioners.  The court concluded that Penkul had failed to preserve any constitutional challenge because she had not raised such a challenge during the administrative proceedings.

---

[6]  We note that, to the extent that Penkul sought to appeal to the Superior Court from the decision on tax year 2013, her appeal was unripe and interlocutory because the Commissioners remanded the matter to the Town for additional proceedings with respect to that tax year.  *See Aubry v. Town of Mount Desert*, 2010 ME 111, ¶¶ 6-7, 10 A.3d 662.  After reviewing the court's judgment, it is evident that the court considered Penkul's appeal to have been taken only from the Commissioners' determinations that no abatement would be granted for the 2011 and 2012 tax years.  Accordingly, we proceed with the understanding that the appeal before us is only from the final determinations entered with respect to the two tax years of 2011 and 2012.

6

[¶11]   Penkul appealed to us.   14 M.R.S. § 1851 (2015); M.R. Civ. P. 80B(n); M.R. App. P. 2.

## II. DISCUSSION

[¶12]   Penkul argues that the Commissioners erred in their factual findings about her sources of income; erred and abused their discretion in determining that no abatement should be afforded to her, *see* 36 M.R.S. § 844(1); and violated her constitutional rights by denying the abatement.   To review these issues on appeal, we (A) outline the applicable abatement statutes and standard of review, (B) describe what must be included in the record on appeal to allow for meaningful appellate review in the courts, and (C) consider Penkul's arguments based on the record that was presented to the Superior Court and to us.

A.   Abatement Statutes and Standard of Review

[¶13]   An appeal from a municipal decision on an application for real property tax abatement may be taken to the county board of assessment review if such a board has been formed, *see* 36 M.R.S. §§ 844(1-A), 844-M (2015), or to the county commissioners for the county in which the municipality is located if no board of assessment review has been formed, *see id.* § 844(1).   A board of assessment review must, if it "determines that the applicant is over-assessed" based on the evidence presented at a de novo hearing, "grant such reasonable abatement as the board determines proper."   *Id*. § 844-M(5); *see id.* § 844-M(4).   Similarly,

when the county commissioners hold a de novo hearing on an application for real property tax abatement, the commissioners are authorized to grant "such reasonable abatement as the commissioners think proper" if they "think that the applicant is over-assessed." *Id.* § 844(1). When an applicant has sought an abatement based on hardship or poverty, the pertinent determination for the board of assessment review or county commissioners is whether the applicant has been over-assessed because the applicant, "by reason of hardship or poverty, is . . . unable to contribute to the public charges" as assessed. *Id.* § 841(2); *see id.* §§ 844(1), 844-M(5). The decision maker, either the board of assessment review or the county commissioners, undertakes that analysis in a de novo adjudication of the facts and application of the law. *See id.* §§ 844(1), 844-M(4), (5).

[¶14] When the Superior Court acts in its appellate capacity, we review the decision of the board of assessment review or the county commissioners directly to determine whether the findings are "unsupported by substantial evidence in the record," and whether there was any abuse of discretion or error of law. *Town of Bristol Taxpayers' Ass'n v. Bd. of Selectmen/Assessors for Town of Bristol*, 2008 ME 159, ¶ 7, 957 A.2d 977 (quotation marks omitted). "[A] taxpayer who pursues an administrative appeal of a municipal tax assessment carries the burden of proof before the appellate agency." *Cent. Me. Power Co. v. Town of Moscow*, 649 A.2d 320, 323 (Me. 1994). Thus, "we will vacate the Commissioners' decision only if

8

the evidence compelled the Commissioners to grant an abatement." *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 604 A.2d 908, 909 (Me. 1992).

B.     Record on Appeal of Tax Abatement Decision

[¶15]  Neither the applicable statutes nor Rule 80B requires that the board of assessment review or the county commissioners be made a party to a Superior Court appeal.  *See id.* §§ 844(1), 844-M(6); M.R. Civ. P. 80B(a).[7]  Nonetheless, because a reviewing court must understand what evidence the adjudicator considered, the record on review by the Superior Court must be the record created with the board of assessment review or the county commissioners.  *See* 36 M.R.S. §§ 844(1), 844-M(2)-(5); *see also* M.R. Civ. P. 80B(e)(2).

[¶16]     When appealing from the factual, discretionary, and legal determinations of a government entity, "it is generally the responsibility of the appellant to see that a proper record is preserved for appeal."  *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 18, 834 A.2d 916; *see* M.R. Civ. P. 80B(e).  This rule applies unless the lack of minutes or a transcript of the proceedings resulted from the decision maker's failure to keep a proper record of the proceedings.  *Cf. Ram's Head Partners, LLC*, 2003 ME 131, ¶ 18, 834 A.2d 916 (requiring a town's board of assessment review to "hold a new evidentiary

---

[7] *See Chase v. Town of Machiasport*, 1998 ME 260, 721 A.2d 636 (including Washington County Commissioners as parties in a Rule 80B appeal).

hearing to provide a reviewable record" when it failed to record the proceedings properly); *Sanborn v. Town of Eliot*, 425 A.2d 629, 631 (Me. 1981) (requiring a new hearing to create a complete administrative record). In sum, to ensure that complete appellate review of a decision is possible, an applicant for abatement who appeals from a municipal abatement decision must obtain and provide to the Superior Court a record of all evidence—both documentary and testimonial, to the extent that the testimony was recorded—that was presented to the board of assessment review or county commissioners.[8]

C.    Review of Penkul's Appeal on the Record Presented

[¶17]  Here, Penkul has failed to supply us with a complete and defined record of the evidence and arguments presented to the York County Commissioners.  Neither we nor the Superior Court were supplied with a definitive record of the precise documents that were presented to the Commissioners.[9]  *See* M.R. Civ. P. 80B(f).  Even if we had been presented with all of the documents that

---

[8]  Although in a county with a board of assessment review, the authorizing statute requires the board to "maintain a permanent record of the board meetings," 36 M.R.S. § 844-M(2) (2015), no such requirement is included for purposes of the Commissioners' direct review of a municipality's decision on an application for real property tax abatement, *see* 36 M.R.S. § 844 (2015); *see also* 30-A M.R.S. §§ 101-108 (2015) (outlining the powers and duties of county commissioners).  Nonetheless, the Freedom of Access Act requires that records of county agents' public proceedings be maintained.  *See* 1 M.R.S. §§ 402(2)(C), 403(2)-(3), 406 (2015).  Penkul's obligation as appellant was to provide a verbatim transcript of the recording of the hearing, *if* the hearing was recorded, or to provide the minutes if no recording occurred.  She did neither.

[9]  Although the Superior Court was authorized to resolve disputes about the contents of the administrative record, *see* M.R. Civ. P. 80B(e)(2), it did not specify which documents it considered to have been presented to the Commissioners.

the Commissioners considered, however, we lack any record of the testimony and arguments that the Commissioners heard.

[¶18] Because Penkul did not satisfy her obligation to obtain and file with the court a complete and accurate record of what testimony and documents the Commissioners considered, we cannot review Penkul's argument that the Commissioners were compelled to authorize an abatement. *See* 36 M.R.S. §§ 841(2), 844(1); M.R. Civ. P. 80B(e); *Ram's Head Partners, LLC*, 2003 ME 131, ¶ 18, 834 A.2d 916; *Camps Newfound/Owatonna*, 604 A.2d at 909. Similarly, without a record of the arguments that Penkul made orally to the Commissioners, we have no indication that she preserved her argument that the denial of tax abatement violated her constitutional rights. *See Clark v. Hancock Cty. Comm'rs*, 2014 ME 33, ¶ 22, 87 A.3d 712 (holding that an issue not raised to the government agency could not be raised for the first time on appeal). Absent a record indicating that Penkul raised this issue with the Commissioners, we may review the unpreserved issue only for obvious error affecting the applicant's substantial rights. *See Mallinckrodt US LLC v. Dep't of Envtl. Prot.*, 2014 ME 52, ¶ 29, 90 A.3d 428. Without a proper record, however, we cannot determine that the Commissioners committed any error—much less obvious error—of constitutional dimension by determining that the Town's assessed taxes should not be abated.

[¶19]  On the record before us, we can discern no legal error, factual error, or abuse of discretion.  We therefore affirm the judgment of the Superior Court affirming the Commissioners' decision.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Linda Penkul, appellant pro se

Kenneth D. Keating, Esq., Roberts & Shirley Law Offices, Springvale, for appellee Town of Lebanon

York County Superior Court docket number AP-2013-16
FOR CLERK REFERENCE ONLY