STATE OF MAINE
YORK, ss.

SUPERIOR COURT
DOCKET NO. AP-16-0020

2047 ASSOCIATES, LLC )
)
and )
)
GOOSEFARE ACRES, LTD )
)
Plaintiffs, )
)
v. )
) **ORDER**
CITY OF SACO )
)
and )
)
MSB, LLC )
)
and )
)
MEZOIAN DEVELOPMENT, LLC )
)
Defendants. )

## I.
## Background

### A. Procedural History

This case involves an appeal from a zoning dispute concerning a proposed new 16 lot subdivision in Saco, Maine called "Juniper Knolls II". The project site for Juniper Knolls II is owned by MSB, LLC. (R. 208.) Mezoian Development, LLC was the applicant that brought the proposed subdivision forward for review. (R. 208.) Both Mezoian Development and MSB, in part, are owned by Michael Mezoian ("Mr. Mezoian"). Plaintiff 2047 Associates, LLC, owned by Mark McCallum ("Mr. McCallum"), is the record owner of a lot abutting Juniper Knolls II:

1

City of Saco Tax Map 24, Lot 6. (R. 106.) Plaintiff Goosefare Acres, L.T.D., also owned by Mr. McCallum, holds interest in this abutting property as well. (R. 172-178; 194.)

Juniper Knolls II came before the City of Saco Planning Board ("Planning Board") on or about January 21, 2014, as a proposed 17 lot cluster subdivision. (*See* R. 208.) Mr. McCallum claims to have easements, one negative and one right of way utility easement respectively, over several of the lots in the proposed Juniper Knoll II subdivision and opposed its approval. The Planning Board reviewed the proposal over an extended period of time, holding multiple hearings, conducting a site walk, and taking evidence and testimony. (*See* R. 161-168, 172, and 206.) The Planning Board approved the Juniper Knolls II on April 20, 2016 as a 16 lot, traditional subdivision. (R. 183.) Mezoian Development now holds an approved permit to develop the land. Plaintiffs filed the instant 80B appeal on May 17, 2016, listing the City of Saco, the City of Saco Planning Board, and Robert Hamblen, Saco's Director of Planning, as defendants. MSB and Mezoian Development were added as defendants in this action on December 12, 2016. Defendants MSB and Mezoian Development have since moved to dismiss the action because of insufficiency of the record and an accompanied motion to strike a significant portion of the record[1] because they allege plaintiffs have failed to establish that these documents were in evidence before the Planning Board. In response, plaintiffs moved to supplement the record on appeal.

### B. Facts

[1] Everything except for the following documents: 32. Email from Tim Murphy to Bob Hamblen dated February 17, 2016; 33. Email from Legal Services' Richard Flewelling to Bob Hamblen 2-16-16; 34. Emails from Tim Murphy to Bob Hamblen February 17, 2016; 40. Conditions of Approval; 41. Findings of Fact; 44. Minutes of Planning Board Meeting 2-8-2016; 45. Minutes of Planning Board Meeting 3-1-2016; 46. Minutes of Planning Board Meeting 4-19-2016; 47. Conditions of approval, findings of fact Strawberry Fields 2-27-2004; 49. Conditions of approval and findings of fact Juniper Knoll 4-20-2016.

This dispute centers on the Planning Board's approval of the subdivision despite plaintiffs' claims that they possess easements over several of the lots in Juniper Knolls II. Specifically, 2047 Associates claims that it holds a 66 foot right of way and utility easement over Lots 13 -16 in Juniper Knolls II. (R. 7.) MSB also claims that it has a negative easement acquired in the approval of their own development, Strawberry Fields, which abuts Juniper Knolls II. (R. 130.) This negative easement creates a "No Cut Storm Water Buffer" over part of the Juniper Knolls II subdivision. (R. 130; 132.)

Mr. McCallum raised these issues with the Planning Board. Nonetheless, the Planning Board approved Juniper Knolls II, finding that "Right, Title, and Interest has been demonstrated to the satisfaction of the Maine Attorney's Office per a letter from applicant's attorney." (Findings of Fact and Notice of Decision, ¶ 5.) Plaintiffs, however, contend that no title certification was ever prepared, and if it had been, it would have indicated the negative easement on the "No Cut Storm Water Buffer" and the right of way and utility easement held by plaintiffs.

## II. Discussion

### A. Standard of Review

In an appellate capacity, the Superior Court reviews a state or local agency's decision directly for errors of law, findings not supported by the evidence, or an abuse of discretion. *Tenants Harbor Gen. Store, LLC v. Dep't of Envtl. Prot.*, 2011 ME 6, ¶ 8, 10 A.3d 722. While reviewing administrative action, the Superior Court "is not free to make findings of fact independent of those explicitly or implicitly found by the municipal zoning authority. It may not substitute its judgment for that of the municipal body, but is limited to determining whether from the evidence of record facts could reasonably have been found by the zoning body to justify its decision." *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me. 1982) (citations omitted).

3

### B. Motion to Supplement Record

Plaintiff Goosefare Acres filed a motion to supplement the record on appeal on June 15, 2017 and also requests leave to amend in his opposition to defendants' motion to strike. Plaintiff wishes to add Article 4.2.2 of the Saco Subdivision Standards, the applications for subdivision approval, the relevant section of the Ordinance of the City of Saco that grants the Planning Board authority over the matter, and the section of the municipal ordinance on which the Planning Board based its decision. Plaintiffs wish to supplement the record now because MSB and Mezoian Development filed a motion to dismiss the appeal due to the failure to include these documents in the record.

The City of Saco objects to this motion because of its late timing in the proceedings. Plaintiffs filed the instant appeal on May 18, 2016. Although the proper procedure was not strictly adhered to, the City states that it came to an agreement with the plaintiffs in Summer of 2016 as to what would be in the record. Although there have been multiple pleadings since this agreement, there has been no attempt to revise the record until now.

Generally, the plaintiff-challenger is tasked to provide the court with the administrative record for review. M.R. Civ. P. 80B(e)(1); *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 18, 834 A.2d 916. The record must be "filed at the same time as or prior to the plaintiff's brief." M.R. Civ. P. 80B(e)(1).

Here, it is plaintiffs' duty to provide the Court with the record of the administrative action. The addition of the new defendants does not change the record or anything else about the case. Further, as to be discussed below, the documents that Appellant wishes to add to the record do not resolve the issues for the motion to dismiss. Because plaintiffs failed to provide the record timely, its motion to supplement the record is denied.

### C. MSB and Mezoian Development's Motion to Strike and Motion to Dismiss

Because plaintiffs' motion to supplement the record on appeal is denied, defendants' motions to strike and to dismiss can now be addressed.

#### i.    Motion to Dismiss

Defendants contend that because plaintiffs have not provided the Court with a transcript or recording of the hearing, the record as a whole is insufficient to allow this Court to conduct a comprehensive review of proceedings, mandating dismissal of the instant appeal.

The record before this Court must include "the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or evidence before the governmental agency and a transcript or other record of any hearings. If the agency decision was based on a municipal ordinance, a state or local regulation, or a private and special law, a copy of the relevant section or sections from that ordinance, regulation, or private and special law, shall be included in the record. For appeals from decisions of a municipal agency, a copy of the section or sections of the municipal ordinance that establish the authority of the agency to act on the matter subject to the appeal shall also be included in the record." M.R. Civ. P. 80B(e)(2). Additionally, review must be based on the record of the proceedings before the governmental agency. M.R. Civ. P. 80B(f).

Further, where an appellant claims a finding is not supported by the evidence, the appellant must provide "a complete record of all the evidence on which the Board relied." *Time Enough v. Town of Standish*, 670 A.2d 918, 920 (Me. 1996). Recently, the Law Court addressed the issue of a plaintiff's duty to provide the Court with sufficient record for review in *Penkul v. Town of Lebanon*, 2016 ME 16, 136 A.3d 88. There, the City of Lebanon challenged a pro se plaintiff's failure to include a transcript or minutes of the Commissioner's hearing denying

5

plaintiff's application for tax abatement. *Id.* ¶ 8. The Law Court held, "Because Penkul did not satisfy her obligation to obtain and file with the court a complete and accurate record of what testimony and documents the Commissioners considered, we cannot review Penkul's argument that the Commissioners were compelled to authorize an abatement." *Id.* ¶ 18 (citing 36 M.R.S. §§ 841(2), 844(1); M.R. Civ. P. 80B(e); *Ram's Head Partners, LLC v. Town of Cape Elizabeth,* 2003 ME 131, ¶ 18, 834 A.2d 916; *Camps Newfound/Owatonna, Inc. v. Town of Harrison,* 604 A.2d 908, 909 (Me. 1992)). Thus, the Court affirmed the Superior Court's decision in favor of the defendant. *Id.* ¶ 19.

Likewise, plaintiffs here have not provided this Court with a sufficient record for review. Plaintiffs have not provided a transcript or recording of any of the hearings in order to inform the Court what the Planning Board considered in making its decision. Plaintiffs even claim that were they granted leave to file transcripts of the hearings, they would "probably not be enlightening to the Court." (Pl.'s Opp'n to Def.'s Mot. Strike 3.) Without this record, we cannot determine, as the Court in *Penkel* could not determine, whether the Planning Board committed any obvious error. Because this Court's review is limited to whether the Planning Board committed an error of law, made a finding not supported by the evidence, or abused its discretion, and the record is insufficient to demonstrate the bases of the Planning Board's decision that would indicate any such error, defendants' motion to dismiss is granted. This Court is mindful of the fact that the ultimate issue in this appeal will be decided in the civil cases the plaintiffs also filed. Because the appeal is dismissed, this Court need not address defendants' motion to strike.

### III.    Conclusion

Because plaintiffs have not met their burden to provide this Court with a sufficient record of the proceedings before the Planning Board, this Court cannot properly review the record on

appeal. Their attempt to add to the record at this stage is untimely and their motion to supplement the record on appeal is denied. Consequently, defendants' motions to dismiss are granted.

The clerk shall make the following entries on the docket:

Plaintiffs' motion to supplement the record on appeal is hereby DENIED.
Defendants MSB, LLC and Mezoian Development, LLC's motion to dismiss is hereby GRANTED.
Defendant City of Saco's motion to dismiss is hereby GRANTED.


SO ORDERED.

DATE:OCTOBER 3, 2017

John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 10/3/17

8

ALFSC-CV-16-182 & CV-16-183
(CONSOLIDATED)


ATTORNEY FOR PLAINTIFF:

DAVID P. MOONEY, ESQ.
DAVID P. MOONEY, ATTORNEY AT LAW
ONE NEW HAMPSHIRE AVE., SUITE 125
PORTSMOUTH  NH  03801


ATTORNEY FOR DEFENDANT GAIL W. GOLODNER:

DAVID SHERMAN, ESQ.
DRUMMOND WOODSUM
84 MARGINAL WAY, SUITE 600
PORTLAND  ME  04101-2480


ATTORNEY FOR DEFENDANT JEFFREY J. CLARK, TRUSTEE:

SUSAN DRISCOLL, ESQ.
BERGEN & PARKINSON LLC
144 MAIN STREET
SACO  ME  04072