STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  DOCKET NO. AP-18-053


ELVIN COPP, et al.,
                                                ORDER ON PETITIONERS/
          Petitioners / Counterclaim Defendants COUNTERCLAIM
                                                DEFENDANT'S MOTION TO
                                                DISMISS COUNTERCLAIM
v.                                              and RESPONDENT'S
                                                MOTION FOR PARTIAL
WILLIAM LONGLEY,                                SUMMARY JUDGMENT

          Respondent

and

TOWN of CUMBERLAND,

          Respondent / Counterclaim Plaintiff


          Before the court are Petitioners / Counterclaim Defendants Elvin Copp and Randall Copp

("the Copps")'s motion to dismiss Respondent / Counterclaim Plaintiff Town of Cumberland

("Respondent Town")'s counterclaim and Respondent Town's motion for partial summary

judgment on its counterclaim.

## I. Background

          The Copps own property in Cumberland, Maine located in the RR-2 zoning district.

(S.M.F. ¶¶ 1-2.) Respondent Town issued a building permit for a single family house to the Copps

on May 8, 2014. (S.M.F. ¶ 3.) Respondent Town received complaints regarding the Copps'

earthmoving and extraction activities. (S.M.F. ¶ 5.)[1] Respondent Town initially took the position

---

[1] The Copps object to this statement of material fact stating that the complaints received by Respondent Town's
Code Enforcement Officer ("CEO") William Longley are hearsay and therefore not admissible for the truth
contained in them. This is noted; however, the contents of these complaints are not included in the record and the
reported complaints are used to show what prompted CEO Longley's inspection of the Copps' property. See M.R.
Evid. 801(c)(2). The Copps also argue that it is unclear whether these complaints were made to "the Town" or just

REC'D CUMB CLERKS OFC
FEB 26 '20 AM9:08

that the Copps' earthmoving and extraction activities were not a violation of Respondent Town's Zoning Ordinance. (S.M.F. ¶ 6.) Respondent Town and the Copps came to a tentative agreement as to the permitted scope and location of the earth removal and excavation. (S.M.F. ¶ 7); (Opp. S.M.F. ¶ 7).[2] After coming to this agreement, Respondent Town began receiving complaints about the Copps again. (S.M.F. ¶¶ 8-9.)[3] CEO Longley was not allowed onto the Copps' property, however, he observed from an abutting property that the Copps had large earthmoving equipment commonly used for processing earth materials. (S.M.F. ¶¶ 9-10.) CEO Longley also witnessed large dump trucks being loaded with earth materials and then leaving the property. (S.M.F. ¶ 11.) CEO Longley believed that the scope and nature of the Copps earthmoving and extraction activities far exceeded what was allowed under the agreement Respondent Town and the Copps had come to. (S.M.F. ¶ 20.) On July 10, 2018, CEO Longley wrote and issued a Notice of Violation ("NOV") to the Copps stating that their earthmoving and extraction activities had violated the Respondent Town's Zoning Ordinance. (S.M.F. ¶¶ 21-23.)

On July 26, 2018, the Copps appealed their NOV to the Cumberland Board of Adjustment and Appeals ("the Board"). (S.M.F. ¶ 24.) On October 11, 2018, the Board held a public hearing on the Copps' appeal and voted to uphold the NOV. (S.M.F. ¶¶ 25, 32.)

## II. Procedural Background

On August 12, 2019, the court issued its decision and order affirming the Board's decision that had been appealed by the Copps pursuant to Rule 80B. The court found in this order that the

---

to CEO Longley himself. The court finds no merit in this argument, a complaint to a town's CEO is properly considered a complaint to the Town itself.

[2] The Copps object that Respondent Town's statement of material fact did not cite to the entire agreement, and have attached the entire agreement to their opposition. Also, the Copps correctly point out that the agreement did not specify the volume of permitted earth removal as Respondent Town claimed in its S.M.F.

[3] The Copps object to this statement of material fact on similar grounds as S.M.F. ¶ 5. The court believes for similar reasoning that this fact may show that CEO Longley received complaints and subsequently investigated the Copps property. *See supra* note 1.

2

Copps had failed to comply with Rule 80B(e) in that the Copps did not submit a full record of the Board's decision with their Rule 80B appeal. Due to this failure the court was unable to make a determination that the Board's decision had been arbitrary, capricious, or constituted an abuse of discretion, error of law, and/or that the Board's findings were not supported by substantial evidence. As the burden of persuasion was on the Copps the court affirmed the Board's decision.

Prior to the August 12, 2019 decision and order, the court denied the Copps' motion for a trial of facts and their motion to dismiss Respondent Town's counterclaim by order dated April 5, 2019. The court denied the Copps' motion to file a second amended complaint, motion to amend their motion for a trial of facts or to supplement the record, motion for recusal, and motion to consolidate hearing on the Rule 80B complaint and Respondent Town's counterclaim by order dated July 26, 2019.

The Copps have now submitted a motion to dismiss respondent Town's Rule 80K counterclaim on September 24, 2019. Respondent Town opposed this motion on September 30, 2019. The Copps' replied on October 7, 2019. Responded Town filed a motion for summary judgment on its Rule 80K counterclaim on September 13, 2019. The Copps opposed Respondent Town's motion on October 21, 2019. Respondent Town replied on November 4, 2019.

### III. Motion to Dismiss

The Copps argue that Respondent Town failed to file a motion pursuant to Rule 80B(i) within ten days of filing its counterclaim and that failure to file should result in dismissal of the counterclaim. (Pet.'rs' Mot. to Dismiss Counterclaim 3.) Additionally, the Copps argue that it would by inequitable and unfair to allow Respondent Town the ability to supplement the record with additional facts after the Copps were denied the ability to do this for their 80B appeal on multiple occasions. (Pet'rs' Mot. to Dismiss Counterclaim 3.) Respondent Town argues that it

3

was not required to file a motion pursuant to Rule 80B(i). (Resp't Town's Opp'n to Pet'rs' Mot. to Dismiss Counterclaim 3-5.) Alternatively, Respondent Town argues that all deadlines in this matter were stayed pending the resolution of the Copps' several motions and that the court specified the future course of proceeding on Respondent Town's counterclaim through its July 25, 2019 order. (Resp't Town's Opp'n to Per'rs' Mot. to Dismiss Counterclaim 1-3.)

The court agrees with Respondent Town. Rule 80B(i) states:

> (i) Joinder With Independent Action. If a claim for review of governmental action is joined with a claim alleging an independent basis for relief from governmental action, the complaint shall contain a separate count for each claim for relief asserted, setting forth in each count a concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief and a demand for the relief sought. A party in a proceeding governed by this rule asserting such an independent basis for relief shall file a motion no later than 10 days after the filing of the complaint, requesting the court to specify the future course of proceedings, including the timing of briefs and argument and the scope and timing of discovery and other pretrial proceedings including pretrial conferences. Upon the filing of such a motion, the time limits contained in this rule shall cease to run pending the issuance of an appropriate order of court. After hearing, the court shall issue such order.

M.R. Civ. P. 80B(i). The Copps argument that Respondent Town's counterclaim was subject to the requirements listed in Rule 80B(i) is contrary to the plain meaning of the text. "If a claim for review of governmental action is joined with a claim alleging *an independent basis for relief from governmental action* . . . A party in a proceeding governed by this rule asserting such an independent basis for relief shall file a motion. . ." M.R. Civ. P. 80B(i) (emphasis added). The plain meaning indicates that Rule a 80B(i) motion is only required for a claim alleging an independent relief from governmental action. No requirements are made on counterclaims brought by the government entity.

4

The Copps argument that it is inequitable to allow Respondent Town to submit additional evidence on its counterclaim when they were denied the ability to do so on their 80B appeal is also without merit. The Copps 80B appeal was an independent action where the Copps had to comply with the requirements of Rule 80B, they did not. The Copps are free to bring and have brought in additional evidence in their opposition to Respondent Town's motion for summary judgment. (*See* Pet'rs' Opp. S.M.F.); (Pet'rs' A.S.M.F.) Allowing Respondent Town the ability to present new evidence on its motion for summary judgment on its counterclaim is not inequitable.

The Copps' motion to dismiss Respondent Town's counterclaim is denied.

## IV. Motion for Summary Judgment

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CityMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179.

On summary judgment, the court considers reasonable inferences that may be drawn from the facts. *Curtis v. Porter, 2001 ME 158,* ¶ 9, 784 A.2d 18. Additionally, the nonmoving party benefits from all "favorable inferences that may be drawn from the facts presented." *Id.* "When facts or reasonable inferences are in dispute on a material point, summary judgment may not be entered." *Id.*

5

The court believes it is helpful to view this motion for summary judgment as a two part question. First, whether or not there was a violation of Respondent Town's Zoning Ordinance, and second, what the civil penalty should be.

a. Violation

The Copps do not contest the entry of summary judgment on the question of whether they violated the Respondent Town's Zoning Ordinance, due to the *res judicata* effect of the August 12, 2019 order denying the Copps' 80B appeal. (*See* Pet'rs' Opp'n to Resp't Town's Mot. Summ. J. 1); *see also Town of Mount Vernon v. Landherr*, 2018 ME 105, ¶ 15, 190 A.3d 249. Summary judgment is granted in favor of Respondent Town on the issue of whether a violation occurred.

b. Penalties and Injunctive Relief

The remaining issue pending on this motion for summary judgment is the determination of civil penalties and appropriate injunctive relief. Respondent Town specifically seeks the following: (1) an order for the Copps to, within sixty days: (a) submit a site plan prepared by a Maine licensed professional engineer, including revegetation plan for disturbed areas, a final driveway grading plan, and the estimated cost of completion for the project as designed, with said site plan to be reviewed by Respondent Town's Engineer and Respondent Town's CEO; (b) post a performance guarantee to cover the estimated costs of the site plan work, in either the form of a letter of credit or a cash escrow account, which may be used by Respondent Town to complete improvements if not completed by the Copps by October 15, 2020; and (c) pay to Respondent Town a fee in the amount of two percent of the cost of the estimated site plan work to cover Respondent Town's third-party inspection costs by the Cumberland County Soil and Water District; (2) order the Copps to allow: (a) Respondent Town, with reasonable advance notice, through its CEO, Engineer, and/or third-party inspector, to enter the Copps' property for the

6

purpose of inspection; and (b) Respondent Town's Contractor, with reasonable advance notice, to enter the Copp's property for the purpose of completing site work if necessary; (3) order the Copps to comply with all applicable local laws and require the Copps to receive authorization from Respondent Town before conducting earth moving and extracting activities; (4) impose a substantial penalty on the Copps running from the date of the NOV; and (5) award Respondent Town its costs and reasonable attorney's fees. (Resp't Town's Mot. Summ. J. 7-8.)

Section 4452 of title 30-A provides that "[M]onetary penalties may be assessed on a per-day basis and are civil penalties. . . ." and the "minimum penalty for a specific violation is $100, and the maximum penalty is $5,000." 30-A M.R.S. § 4452(3) (2018). Additionally, section 4452 directs that the court shall consider the following factors in its determination of civil penalties:

> (1) Prior violations by the same party;
> (2) The degree of environmental damage that cannot be abated or corrected;
> (3) The extent to which the violation continued following a municipal order to stop; and
> (4) The extent to which the municipality contributed to the violation by providing the violator with incorrect information or by failing to take timely action.

30-A M.R.S. § 4452(3)(E).

The Copps argue that genuine issues of material facts exist as to what the correct amount of the civil penalties are and whether the injunctive relief sought by Respondent Town is necessary. (Pet'rs' Opp'n to Resp't Town's Mot. Summ. J. 2-12.) Respondent Town argues that the facts that the Copps believe to be in dispute are immaterial as to the correct amount of civil penalties and therefore summary judgment may be granted. (Resp't Town's Reply Mot. Summ. J. 4-7.)

Respondent Town is correct that the Board when making its findings on the Copps' initial appeal had no obligation to consider the environmental impact of the Copps' violation of the Respondent Town's Zoning Ordinance or whether the Copps had continued to violate the

7

ordinance after they received the NOV. (Resp't Town's Reply Mot. Summ. J. 4-6.) The Board's sole responsibility at that time was to determine whether or not a violation had occurred. *See Town of Levant v. Seymour*, 2004 ME 115, ¶ 15, 855 A.2d 1159 ("[T]he Board of Appeals. . . does not have the enforcement powers of the [] Court, that is, the ability to issue an injunction and impose a penalty. . . The two proceedings are separate and distinct.") However, the Copps are correct that genuine issues of material facts exist as to what the correct civil penalty should be. It is unclear on the record whether the Copps continued to violate Respondent Town Zoning Ordinance § 315-6 after they received the NOV. *See* 30-A M.R.S. § 4452(3)(E)(3). It is unclear what the extent of the environmental damage is or if there is *any* environmental damage. *See* 30-A M.R.S. § 4452(3)(E)(2). It is unclear whether the Copps have previous violations of Respondent Town's ordinances. *See* 30-A M.R.S. § 4452(3)(E)(1). It is unclear as to what extent Respondent Town contributed to the violation by providing the Copps with incorrect information. *See* 30-A M.R.S. § 4452(3)(E)(4). All of these factors *shall* be considered by the court when setting a penalty, all are material and all are genuinely disputed. 30-A M.R.S. § 4452(3)(E). Additionally, it is unclear whether all of the injunctive relief sought by Respondent Town is appropriate. Summary judgment for Respondent Town is denied as to the amount of civil penalties.

The entry is

> Petitioner / Counterclaim Defendant Elvin Copp's and Randall Copp's Motion to Dismiss Counterclaim is DENIED.

> Respondent / Counterclaim Plaintiff Town of Cumberland's Motion for Summary Judgment is GRANTED as to the issue of whether Petitioner / Counterclaim Defendants Elvin Copp and Randall Copp violated the Town of Cumberland Zoning Ordinance Section 315-6.

> Respondent / Counterclaim Plaintiff Town of Cumberland's Motion Summary Judgment is DENIED as to the issue of what civil penalties shall

be issued to Petitioner / Counterclaim Defendants Elvin Copp and Randall Copp.

The Clerk is directed to incorporate these Orders into the record by reference pursuant to M.R.Civ.P. 79(a).

The Clerk is further directed to schedule the matter for a status conference to discuss future proceedings.

Date: February 26, 2020

_____
Harold Stewart, II
Justice, Superior Court

AP-18-053

Entered on the Docket: 2/27/2020

9

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. AP-18-053

ELVIN COPP, et al.,

          Petitioners

v.                                                DECISION AND ORDER

WILLIAM LONGLEY, et al.,

          Respondents


Before the court is petitioners Elvin Copp and Randall Copp's Rule 80B appeal of the respondent Town of Cumberland's October 11, 2018 decision. Respondent Town Board of Adjustment and Appeals upheld the Code Enforcement Officer's determination that petitioners were in violation of local ordinances. For the following reasons, respondent Town's decision is affirmed.

Background

On November 8, 2018, petitioners filed a Rule 80B complaint against respondent William Longley, the Town of Cumberland's Code Enforcement Officer. Petitioners alleged that the decision of the Town's Board of Adjustment and Appeals to uphold respondent Town's Code Enforcement Officer's Notice of Violation was arbitrary and capricious, constituted an abuse of discretion, error of law, and/or findings not supported by substantial evidence. On November 26, 2018, petitioners amended their complaint to add respondent Town of Cumberland. On December 21, 2018, respondent Town filed a counterclaim against petitioners seeking a land use enforcement pursuant to 30-A M.R.S. § 4452.

REC'D CUMB CLERKS OFC
AUG 13 '19 AM 11:22

1

On November 26, 2018, petitioners filed a motion for a trial of the facts by jury. On December 21, 2018, respondent Town filed an opposition to petitioners' motion for trial of facts. On January 4, 2019, petitioners filed a motion to dismiss respondent Town's counterclaim. On January 15, 2019, respondent Town filed an opposition to petitioners' motion to dismiss its counterclaim. On January 22, 2019, petitioners filed a reply to respondent Town's opposition to dismiss its counterclaim.

On January 22, 2019, petitioners filed their Rule 80B brief and a transcript of the October 11, 2018 Board hearing. On February 8, 2019, Petitioners moved to supplement the record. On February 20, 2019, respondent Town filed a combined Rule 80B brief and opposition to petitioners' motion to supplement the record. On March 6, 2019, petitioners filed a reply Rule 80B brief and a reply to respondent Town's opposition to supplement the record. On March 12, 2019, petitioners filed an opposition to a nonexistent respondent Town's motion to dismiss for want of prosecution. By order dated April 5, 2019, the court denied petitioners' motion for a trial of facts and petitioners' motion to dismiss respondent Town's counterclaim.

On April 5, 2019, petitioners filed a motion for leave to file a second amended complaint, a motion for leave to file an amended motion for trial of facts or supplement the record, and filed an amended motion for trial of facts. On April 12, 2019, the court denied petitioners' motion to supplement the record. On April 16, 2019, petitioners filed a reply to respondent Town's counterclaim. On April 26, 2019, respondent Town filed oppositions to petitioners' motion for leave to file an amended motion for trial of the facts and motion to file a second amended complaint. On May 6, 2019, petitioners filed a motion for recusal of the presiding justice and a motion for clarification and to consolidate hearings on the complaint with the counterclaim. On May 8, 2019, petitioner filed a reply to respondent Town's opposition to the motion to amend the

motion for a trial of facts and respondent Town's opposition to the motion for leave to file a second amended complaint. By order dated July 26, 2019, the court denied petitioners' motion to file a second amended complaint, petitioners' motion to amend their motion for a trial of facts or to supplement the record, petitioners' motion for recusal, and petitioners' motion to consolidate hearing on the Rule 80B complaint and respondent Town's counterclaim.

Rule 80B Motion

In a Rule 80B proceeding, the court reviews the "local agency's decision for abuse of discretion, errors of law, and findings not supported by the evidence." Beal v. Town of Stockton Springs, 2017 ME 6, ¶ 13, 153 A.3d 768 (quotation marks omitted). "The party seeking to overturn the decision bears the burden of persuasion." Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024.

Rule 80B(e) states:

> (e) Record.
>
> (1) **Preparation and Filing Responsibility.** Except where otherwise provided by statute or this Rule, (i) it shall be the plaintiff's responsibility to ensure the preparation and filing with the Superior Court of the record of the proceedings of the governmental agency being reviewed, and (ii) the record for review shall be filed at the same time as or prior to the plaintiff's brief. Where a motion is made for a trial of the facts pursuant to subdivision (d) of this Rule, the moving party shall be responsible to ensure the preparation and filing of the record and such record shall be filed with the motion.
>
> (2) **Record Contents.** The parties shall meet in advance of the time for filing the plaintiff's brief or motion for trial of the facts to agree on the record to be filed. Where agreement cannot be reached, any dispute as to the record shall be submitted to the court. The record shall include the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from, and the record may include any other documents or evidence before the governmental agency and a transcript or other record of any hearings. If the agency decision was based on a

3

> municipal ordinance, a state or local regulation, or a private and special law, a copy of the relevant section or sections from that ordinance, regulation, or private and special law, shall be included in the record. For appeals from decisions of a municipal agency, a copy of the section or sections of the municipal ordinance that establish the authority of the agency to act on the matter subject to the appeal shall also be included in the record. Copies of sections of the Maine Revised Statutes shall not be included in the record.
>
> In lieu of an actual record, the parties may submit stipulations as to the record; however, the full decision and findings of fact appealed from, and the applicable ordinances, regulations, or private and special laws as detailed above shall be included.

M.R. Civ. P. 80B(e). The only record included with petitioners 80B brief was a transcript of the October 8, 2018 hearing where the Board upheld the CEO's NOV. See Ram's Head Partners, LLC v. Town of Cape Elizabeth, 2003 ME 131, ¶ 18, 834 A.2d 916 ("[I]t is generally the responsibility of the appellant to see that a proper record is preserved for appeal."). Petitioners failed to submit as part of the record "the application or other documents that initiated the agency proceedings and the decision and findings of fact that are appealed from" as required by Rule 80B(e). M.R. Civ. P. 80B(e). Petitioners failed to include any exhibits relied upon by the Board or exhibits presented to the Board during the hearing or any local ordinances that were at issue in this appeal. Without the inclusion of these documents in the record, the court cannot conduct any meaningful review of the Board's decision to uphold the CEO's NOV. See Penkul v. Town of Lebanon, 2016 ME 16, ¶ 18, 136 A.3d 88. Additionally, petitioners' brief contains no citations to the limited record they did provide to support their claims.

Because petitioners have failed to comply with the requirements of Rule 80B(e), this court cannot determine that the Board's decision to uphold respondent CEO's NOV was arbitrary and capricious, or constituted an abuse of discretion, error of law, and/or findings not supported by substantial evidence as petitioners allege in their Rule 80B complaint. M.R. Civ. P. 80B(e); see

4

Penkul, 2016 ME 16, ¶ 18, 136 A.3d 88. Petitioners failed to meet their burden. See Aydelott, 2010 ME 25, ¶ 17, 990 A.2d 1024.

The entry is

> The Decision of Respondent Town of Cumberland's Board of Adjustments and Appeals is AFFIRMED.

Date: August 12, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 8/12/19

5

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. AP-18-053


ELVIN COPP, et al.,

          Petitioners

REC'D CUMB CLERKS OFC
JUL 26 '19 AM8:34

v.                                        ORDER

WILLIAM LONGLEY, et al.,

          Respondents


Before the court are petitioners' motion for leave to file a second amended complaint;

petitioners' motion for leave to file a first amended motion for trial of the facts or in the alternative,

motion to supplement the record with newly located evidence; petitioners' motion for recusal; and

petitioners' motion for clarification and to consolidate hearing on the complaint and counterclaims.

The court previously denied petitioners' motion for trial of the facts, motion to dismiss

respondent's counterclaim, and motion to supplement the record. (Orders dated 4/5/19 & 4/12/19.)

Motion for Leave to File a Second Amended Complaint

In their proposed second amended complaint, petitioners seek to add count II, declaratory

judgment; count III, equitable estoppel, and count IV, deprivation of property and denial of due

process. Petitioners do not bring an anticipatory challenge. They ask for a declaration that they

are in compliance with the zoning code. They seek the same relief in count I of their first amended

complaint. See Sold, Inc. v. Town of Gorham, 2005 ME 24, ¶ 14, 868 A.2d 172. Equitable

estoppel can be asserted against a municipality only as a defense and not as an affirmative cause

of action. See Buker v. Town of Sweden, 644 A.2d 1042, 1044 (Me. 1994). All of the proposed

amendments were known to petitioners at the time they filed the first amended complaint.

1

Petitioners specifically agree they could have brought their constitutional claims earlier. (Pet'rs' Reply Mot. for Leave to File Second Amend. Compl. 1.) Considering the circumstances of this case, justice does not require the granting of the second motion to amend. M.R. Civ. P. 59(e). The motion is denied.

<u>Petitioners' Motion for Leave to File a First Amended Motion for Trial of the Facts or Motion to Supplement the Record</u>

Petitioners seek to file an amended motion for trial of the facts or motion to supplement the record. The parties' Rule 80B memoranda and the record have been filed. Petitioners' original motion for trial of facts was denied on April 5, 2019 because it did not comply with Rule 80B(d) and (e). (Order April 5, 2019.)

"Where a motion is made for a trial of the facts pursuant to subdivision (d) of this Rule, the moving party shall be responsible to ensure the preparation and filing of the record and such record shall be filed with the motion." M.R. Civ. P. 80B(e)(1). Petitioners' amended motion for trial of facts does not comply with Rule 80B(e) because petitioners failed to prepare or attach their proposed supplement to the record, the July 10, 2017 transcript and development plan. Petitioners refer to the evidence as newly discovered, but provide no valid reason as to why this evidence could not have been made part of the record below. (Pet'rs' Mot. for Leave to File Amend. Mot. for Trial of Facts 7.)

Petitioners also argue in their amended motion for trial of facts that the Board did not base its findings on substantial evidence. In a Rule 80B proceeding, the court reviews the "local agency's decision for abuse of discretion, errors of law, and findings not supported by the evidence." <u>Beal v. Town of Stockton Springs</u>, 2017 ME 6, ¶ 13, 153 A.3d 768. Petitioners may not argue their Rule 80B motion in their amended motion for trial of facts in order to retry the facts presented to the Board. <u>See Baker's Table, Inc. v. City of Portland</u>, 2007 ME 7, ¶ 9, 743 A.2d

2

237. Finally, petitioners' vague allegations of bias in the offer of proof do not meet the Rule 80B(d) requirement that petitioner provide "a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate." M.R. Civ. P. 80B(d); see also Ryan v. Camden, 582 A.2d 973, 975 (Me. 1990). Petitioners' motion for leave to file a first amended motion for trial of facts is denied. Petitioners' motion to supplement the record is denied.

Petitioners' Motion for Recusal

The motion for recusal is denied. M. Code Jud. Conduct Canon 1, R. 2.11.

Petitioners' Motion for Clarification and to Consolidate Hearing on Complaint and Counterclaim

In the court's order dated and filed April 5, 2019, the court denied petitioners' motion for trial of the facts filed on November 26, 2018 and motion to strike or dismiss respondent's counterclaim filed January 22, 2019.

Petitioners' motion to consolidate hearing on their Rule 80B complaint and the counterclaim is denied. No hearing is required on the Rule 80B complaint. The court will decide the issues raised in the complaint based on the filings and then schedule the hearing on the counterclaim.

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: July 25, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 7-30-19

3

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-053

ELVIN COPP, et al.,

Petitioners

v.                                                ORDER

WILLIAM LONGLEY, et al.,

Respondents

REC'D CUMB CLERKS OI
APR 5 '19 PM2:49

Before the court are petitioners' motion for trial of facts and motion to strike or dismiss respondent Town of Cumberland's counterclaim. For the following reasons, the motions are denied.

Trial of Facts

Petitioners' motion for trial of facts does not comply with Rule 80B(d) and (e). M.R. Civ. P. 80B(d)-(e). In addition, petitioners do not explain why evidence they now seek to add could not have been made part of the record below. See Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237; New England Whitewater Ctr., Inc. v. Dep't of Inland Fisheries & Wildlife, 550 A.2d 56, 60 (Me. 1988). Petitioners allege bias by the Code Enforcement Officer and Town Manager. The court may only review the decision made by Town of Cumberland Board of Adjustment and Appeals. See Bryant v. Town of Wiscasset, 2017 ME 234, ¶ 11, 176 A.3d 176. Petitioners' motion for trial of facts is denied.

Counterclaim

Petitioners object to respondents' counterclaim because no answer was filed. M.R. Civ. P. 7(a). No answer is required in a Rule 80B action. M.R. Civ. P. 80B(a). Respondents filed their

1

entry of appearance as required in a Rule 80B action. Id. A land use enforcement counterclaim such as respondents' counterclaim is permitted in a Rule 80B action. See Baker v. Town of Woolwich 517 A.2d 64, 66 (Me. 1987).

The entry is

Petitioners' Motion for Trial of Facts is DENIED.

Petitioners' Motion to Strike or Dismiss Counterclaim is DENIED.

Date: April 5, 2019

Nancy Mills
Justice, Superior Court

2