2004 ME 132

**John T. ROBERTS**

v.

**TOWN OF SOUTHWEST HARBOR.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Oct. 5, 2004.

Decided: Nov. 1, 2004.

Spencer Ervin, Esq., Bass Harbor, for plaintiff.

John L. Carver, Esq., Belfast, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD. RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] John T. Roberts appeals from a judgment entered in the Superior Court (Hancock County, *Hjelm, J.*) affirming the denial of an abatement of his 2001 property taxes by the Southwest Harbor Board of Appeals. Roberts contends the Board (1) erred in determining he could not base a claim of unjust discrimination on a disparity in the treatment of a component of his assessment, and (2) made insufficient findings to allow for meaningful judicial review. We affirm the judgment.

[¶ 2] Roberts owns a seasonal cottage in Southwest Harbor. In 2001, the Town assessed his property at $1,573,300. As part of the Town's assessment calculation, his property was subdivided into categories based on the characteristics and potential use of the property. Each of these categories is assessed at a specific rate. Roberts's assessment included the following subcategories:

| Units | Description | Value |
|---|---|---|
| 1 acre | Homesite | $642,000 |
| 0.2 acres | Frontage 1 | $ 85,600 |
| 3.68 Acres | Rear Land 2 | $590,640 |
| | Lot Improvements | $ 8,560 |
| | Building | $246,500 |

Roberts's claim of unjust discrimination focused entirely on the value of his Rear Land 2. He argued that because the Rear Land 2 portion of his property was assessed at a rate higher than other Rear Land 2 property in the Town. his assessment was a product of unjust discrimination.

[¶ 3] We have never sustained an unjust discrimination claim based only on a single component of a total assessment, without a showing that the property's total assess-

ment was discriminatory. Previous cases in this Court have found discrimination after comparing the *total* assessed values of similarly situated properties. *See, e.g., Ram's Head Partners, LLC v. Town of Cape Elizabeth,* 2003 ME 131, 834 A.2d 916.

[¶ 4] In *Yusem v. Town of Raymond,* 2001 ME 61, 769 A.2d 865, we determined that a taxpayer should not be given relief from an assessment "that represents a fair and just determination of value" because of a perceived flaw in the assessor's methodology. *Id.* ¶ 14, 769 A.2d at 872. If a property is assessed at its true market value, and the valuation is consistent with those of similar properties, the taxpayer has suffered no constitutional harm. *Chase v. Town of Machiasport,* 1998 ME 260, ¶ 11, 721 A.2d 636, 640. Accordingly, a taxpayer seeking to prove unjust discrimination must demonstrate that his property, as a whole, has been valued differently than other comparable properties. Because Roberts's unjust discrimination claim focused only on a component of his assessed value (the value of the portion of his property labeled as Rear Land 2), and not on the total assessed value, the Board did not err in determining that Roberts failed to meet his burden of proof.

[¶ 5] Roberts also argues that the Board's record contains insufficient findings. Because we find that the record contains findings sufficient for appellate review, *see Ram's Head Partners,* 2003 ME 131, ¶ 16, 834 A.2d at 921, we affirm the judgment of the Superior Court.

The entry is:

Judgment affirmed.