2008 ME 159

**TOWN OF BRISTOL TAXPAYERS'
ASSOCIATION et al.**

v.

**BOARD OF SELECTMEN/ASSES-
SORS FOR the TOWN OF
BRISTOL et al.**

Supreme Judicial Court of Maine.

Argued: June 17, 2008.
Decided: Oct. 21, 2008.

John S. Campbell, Esq. (orally), Campbell & Associates, P.A., Portland, ME, for the Town of Bristol Taxpayers' Association.

Ervin D. Snyder, Esq. (orally), Snyder & Jumper, Wiscasset, ME, for the Town of Bristol.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] The members of the Town of Bristol Taxpayers' Association appeal from judgments entered in the Superior Court (Lincoln County, *Wheeler, J.*) affirming a decision of the Lincoln County Commissioners and entering final judgment for the

Town on all other claims. The Taxpayers seek an abatement of their assessed real property taxes. The Taxpayers have argued only that the assessments amounted to unjust discrimination. We affirm the judgments of the Superior Court.

## I. BACKGROUND

[¶ 2] On September 18, 2002, the Selectmen of the Town of Bristol were notified by the Maine Revenue Services Property Tax Division, based on preliminary information regarding the value of land, buildings, and personal property in the Town, that the total value of the Town's taxable land was approximately $600 million, and that the Town's tax ratio had fallen below seventy percent. *See* 36 M.R.S. § 327(1) (2007) (establishing minimum assessment ratios for municipalities).

[¶ 3] Consequently, the Board hired a property assessor, Robert Gingras, to perform a revaluation of the properties in the Town. Gingras developed factors to be used in the revaluation.[1] The factors were different for various areas of the Town, depending upon the distance of a particular area from the ocean. The new factors called for assessments of oceanfront land to be multiplied by a factor of 2.25 and properties that sat one or two lots back

from the ocean to be multiplied by a factor of 2. Buildings were assessed separately, and all other land values in the Town were multiplied by a factor of 1.25 or 1.5 depending upon the location of the property. For example, lakefront lots were reassessed using a factor of 1.5.

[¶ 4] The Selectmen reviewed the factors at a December 5, 2002, meeting, and adopted the proposed factoring method at a Selectmen's meeting later in December.

[¶ 5] Following the reassessment, the Taxpayers—approximately sixty-five landowners in the oceanfront and "one or two lot back" factor groups—filed applications for property tax abatements.[2] The Board denied the applications for abatement. Pursuant to 36 M.R.S. § 844(1) (2007), the Taxpayers appealed from the denials of their requests for abatement to the County Commissioners, who upheld the Board's valuations.[3] At no time before the Board or the County Commissioners did the Taxpayers argue that their individual properties were, in fact, overvalued; they relied instead on the argument that the factoring methodology was unfairly discriminatory.

[¶ 6] The Taxpayers then filed a complaint in the Superior Court asserting, among other claims,[4] requests for declara-

---

1. The Taxpayers focus their challenge primarily on the methodology used by Gingras and the Board in their reassessment. Although both the Board's methodology and its record-keeping were less than laudable, we have previously made clear that impeaching the assessor's methodology is not, alone, a sufficient basis to justify abatement. *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 13, 769 A.2d 865, 871.

2. Although the Taxpayers submitted to the Superior Court a list indicating a membership of sixty-five individuals, the record is not clear as to precisely how many of these individuals filed applications for tax abatements to the Board.

3. Because of the large number of appeals filed with the County Commissioners by indi-

vidual members of the Association, only a small number were actually heard within the statutorily mandated period of sixty days from the date of filing. *See* 36 M.R.S. § 844(1) (2007). In each of the appeals that was heard by the Commissioners, the Town's valuation was upheld and the request for abatement was denied. The Superior Court properly treated those appeals that were not heard as denied, *id.*, and addressed all of the Taxpayers' claims for abatement as one consolidated 80B appeal pursuant to 36 M.R.S. § 849 (2007) and M.R. Civ. P. 20.

4. The Taxpayers also brought a claim under the Maine Freedom of Access Act, 1 M.R.S. §§ 401–412 (2007), alleging that the Town never held public discussions or deliberations regarding the revaluation, the hiring of Gin-

tory relief, and a Rule 80B appeal from the decision of the Commissioners not to grant abatements. The court affirmed the decision of the Lincoln County Commissioners denying abatement and entered a final judgment for the Town on all other claims.[5] The Taxpayers timely appealed.

## II. DISCUSSION

■ [¶ 7] When the Superior Court acts as an intermediate appellate court, "we review the decision of the Commissioners directly for an 'abuse of discretion, error of law, or findings unsupported by substantial evidence in the record.'" *Yusem v. Town of Raymond,* 2001 ME 61, ¶ 7, 769 A.2d 865, 869 (quoting *Town of Sw. Harbor v. Harwood,* 2000 ME 213, ¶ 6, 763 A.2d 115, 117). Here we review directly the Commissioners' decision not to grant abatements to the Taxpayers.

■ [¶ 8] A property owner will be entitled to a property tax abatement when he can demonstrate one of the following circumstances:

(1) that his property was substantially overvalued and an injustice resulted from the overvaluation;

(2) that there was unjust discrimination in the valuation of the property; or

(3) that the assessment was fraudulent, dishonest, or illegal.

*Id.* ¶ 9, 769 A.2d at 870.

■ [¶ 9] We will vacate the County Commissioners' decision that a taxpayer failed to meet his burden to show one of these three circumstances "'only if the record compels a contrary conclusion to the exclusion of any other inference.'" *Id.* (quoting *Weekley v. Town of Scarborough,* 676 A.2d 932, 934 (Me.1996)).

[¶ 10] Here, the Taxpayers concede that they never put any evidence before the Commissioners to show that their individual properties were substantially overvalued. Nor did the Taxpayers argue that the assessment was fraudulent, dishonest, or illegal. Instead, the Taxpayers argued only that there was unjust discrimination in the assessment process.

[¶ 11] Our recent decision in *Ram's Head Partners, LLC v. Town of Cape Elizabeth,* 2003 ME 131, 834 A.2d 916, sets out the requirements for establishing the kind of unjust discrimination among properties that violates both the Maine Constitution and the Fourteenth Amendment of the United States Constitution. In *Ram's Head,* we made clear that only similarly situated properties must receive approximately equivalent tax treatment and rejected the idea that any given property had to be treated similarly with "'the *general mass* of taxable property.'"[6] *Id.* ¶ 10,

---

gras, or the adoption of his factoring method, and that decisions on these matters resulted from impermissible executive sessions. The Superior Court granted summary judgment to the Town on the FOAA count, concluding that the Taxpayers failed to present any evidence to rebut the Town's statements that no decisions occurred outside of the public realm. We do not disturb that judgment.

5. The Superior Court properly rejected the Taxpayers' declaratory judgment suit. Abatement proceedings are the appropriate means through which to correct impermissible assessments. *See Capodilupo v. Town of Bristol,*

1999 ME 96, ¶ 4, 730 A.2d 1257, 1258–59. We address only the 80B appeal from the Commissioners' abatement decision.

6. Although, generally, only similar properties must be given approximately equivalent tax treatment, we recognize the possibility that circumstances may arise in which the disparate tax treatment of different categories of property becomes so extreme that abatement could be justified. No such demonstration was made on this record. The Taxpayers' expert presented proposed factors that were in some ways similar to the Town's.

834 A.2d at 919 (quoting *Kittery Elec. Light Co. v. Assessors of the Town of Kittery,* 219 A.2d 728, 740 (Me.1966)). In that case, we held that a taxpayer was entitled to abatement where he demonstrated that similar lots that abutted his own property on the ocean were assessed at substantially less than his own. *Id.* ¶ 12, 834 A.2d at 919–20; *see also City of Biddeford v. Adams,* 1999 ME 49, ¶¶ 15–19, 727 A.2d 346, 350 (holding that unjust discrimination did exist where two similar waterfront neighborhoods were treated differently).

[¶ 12] By contrast, here the Taxpayers base their allegation of unjust discrimination on the fact that their properties were treated differently from properties in other areas of Town that were not similar to their own. Simply put, because there is no dispute that parcels in the Town were assessed consistently with other parcels in the same class, the Taxpayers have failed to make out a basic claim of unjust discrimination. They do not argue that their lots are actually overvalued or that any fraud or illegality has occurred. Therefore, the Taxpayers' abatement requests were properly denied.

The entry is:

Judgments affirmed.