STATE OF MAINE
OXFORD, ss.

SUPERIOR COURT
DOCKET NO. CV-10-46

SOPHIA BILINSKY and
WALTER SHEVCHUK,

Plaintiffs

v.

**ORDER AND DECISION**

TOWN OF NEWRY,

Defendant

Before the court is the appeal by plaintiffs, Sophia Bilinsky and Walter Shevchuk, from a decision of the Oxford County Board of Assessment of Review denying an abatement of real estate taxes assessed against their property in the Town of Newry.

## A. BACKGROUND[1]

On May 6, 2005, the plaintiffs purchased land located at 24 Powder Ridge Road in the Town of Newry. They paid $220,000. The plaintiffs submitted a building application with an estimated cost of construction of $2,000,000, which was approved on June 21, 2007. Construction of a residence on the property was completed in December of 2008. The plaintiffs currently use the residence as a vacation home and as a rental property.

In September of 2009, the Town Tax Assessor assessed the value of the property at $3,105,300. The approximate 4.45 acres of land was assessed at $274,600 and the building was assessed at $2,830,700. The Town Assessor used the same methodology

---

[1] The record before the court includes all evidence submitted to the Board of Assessment Review, as well as the Board member's written statements regarding the application. The Board attempted to record the April 21, 2010 hearing, but the recording equipment failed. Although this can sometimes result in a record that makes judicial review difficult, see *Ram's Head Partners, LLC., v. Town of Cape Elizabeth*, 2003 ME 131, ¶¶ 16-17, 834 A.2d 916, 921, the record, in this case, when reviewed as a whole, is sufficient to allow meaningful appellate review.

**RECEIVED**

MAY 2 0 2011

Oxford Superior Court

for assessing the plaintiffs' property as used on other proprieties in the area. The assessor, "[i]n showing other land values in comparison, [noted] they were each in a different sub-division which would be priced at its own pricing schedule." The assessor used "a percentage increase to reflect lot development throughout the town which is a common assessing practice." Believing that the property was overvalued, the plaintiffs hired an independent appraiser, who assessed the fair market value of the property at $1,775,000.[2]

On October 16, 2009, the plaintiffs filed an application for an abatement of property taxes with the Town, requesting that the assessment to the real estate be reduced to $1,800,00. On January 28, 2010, the Town sent the plaintiffs a letter requesting information on the property's construction costs, a copy of the homeowner's policy, as well as an income and expense report. In response, on February 1, 2010, the plaintiffs informed the Town that, pursuant to 36 M.R.S.A. § 844, because the Town failed to act within sixty days of the abatement application, they were appealing to the Oxford County Board of Assessment Review. The plaintiffs did not provide the Town with the information requested.[3] On February 11, 2010, the plaintiffs appealed to the

---

[2] The plaintiffs' appraiser utilized the sales approach and the cost approach in making his assessment. He was unable to generate an income cost analysis.

[3] In its reply brief, the Town argues that the appeal should be barred because the plaintiffs refused to provide the Town with the requested information about their property, even though the request was made after the Town, pursuant to 36 M.R.S.A. § 842, effectively denied their application by failing to make a decision within 60 days. The Town contends that the failure to produce the information violates 36 M.R.S.A. § 706, and its mandate that

> If the assessor . . . fail[s] to give notice by mail, the taxpayer is not barred of his right to make application for abatement provided that upon demand the taxpayer shall answer in writing all proper inquiries as to the nature, situation and value of his property liable to be taxed in the State; and a refusal or neglect to answer the inquiries and subscribe the same bars an appeal . . . .

Although the information requested may have aided the parties in coming to an agreeable resolution, and although the Town may have had the opportunity to inquire further about the property "pursuant to the last paragraph of section 706" had it requested the information within the sixty-day notice of decision

Board.

On April 21, 2010, the Board held a hearing on the plaintiffs' abatement appeal.

At hearing, the evidence presented included:

- plaintiffs' power point presentation;

- plaintiffs' independent appraisal of their property;

- plaintiffs' testimony regarding the quality of the construction of their home as compared to the quality of construction of six allegedly comparable properties in the area;

- plaintiffs' testimony and tax card documentation purporting to demonstrate that the plaintiffs' property had a higher assessment than the six properties in the categories of cost per square foot, heating, plumbing, porch additions, physical depreciation, change in land value, and grade;

- a spread sheet relaying property grade[4] information;

- the testimony of the Town Assessor explaining his valuation;

- the testimony of the Town Assessor that the plaintiffs' appraiser did not clarify all of the statements in his appraisal;[5] and

- the testimony of the Town Assessor that had the plaintiffs' actual construction costs been available, both appraisals would have likely been more accurate.

On May 5, 2010, the Board denied the appeal by a vote of 4-1. The Board issued written findings of fact and conclusions of law, finding that the plaintiffs had not met

---

timeline, see *Champion Int'l Corp. v. Town of Bucksport*, 667 A.2d 1376, 1377 (Me. 1995), the plaintiffs had the right to appeal to the Board after not receiving a decision from the Town within sixty days. *See* 36 M.R.S.A. §§ 842, 844. Therefore, the plaintiffs should not be barred from appealing to the Oxford County Board of Assessment Review decision. *See, e.g., Town of Vienna v. Kokernak*, 612 A.2d 870, 874 (Me. 1992) (noting that the purpose of the sixty-day notice of decision statute "is to protect a taxpayer from the commissioners' failure to act [and to give] the taxpayer the right to proceed to another forum if . . . a decision [is not made] within the requisite period of time").

[4] The grade is a measure of quality used by assessors.

[5] The plaintiffs' independent appraiser did not attend the hearing because the Town was unwilling to change the date of the hearing, despite being informed by the plaintiffs that the appraiser was unavailable. At the April 21, 2010 hearing, the accuracy of the appraisal was questioned, and the plaintiffs argue that they were not afforded an adequate opportunity to rebut or rehabilitate the appraiser's credibility because he was not available to testify. The plaintiffs contend that the Board's refusal to change the date of the hearing deprived them of a fair hearing. Both parties, however, were allowed to present their positions. The court is not persuaded that the plaintiffs were deprived of a fair hearing. *See Town of Vienna v. Kokernak*, 612 A.2d 870, 874 (Me. 1992) (noting that "[i]n the administrative arena, due process requirements are flexible and entail no specified form or procedure").

their burden of proof to demonstrate that the Town's 2009 revised assessment[6] was manifestly wrong.

The plaintiffs have appealed the Board's decision pursuant to Rule 80B of the Maine Rules of Civil Procedure.

## II. DISCUSSION

### A. Standard of Review

"Article 9, section 8 of the Maine Constitution requires that 'all taxes upon real and personal estate . . . shall be apportioned and assessed equally, according to the just value thereof.'" *City of Biddeford v. Adams*, 1999 ME 49, ¶ 14, 727 A.2d 346, 349. "'Just value' must reflect the fair 'market value.'" *Muirgen Props., Inc. v. Town of Boothbay*, 663 A.2d 55, 58 (Me. 1995) (quoting *Shawmut Inn v. Town of Kennebunkport*, 428 A.2d 384, 389 (Me. 1981)). "Local assessors have been given considerable leeway in choosing the method or combinations of methods to achieve just valuations." *Wesson v. Town of Bremen*, 667 A.2d 596, 598 (Me. 1995). "A town's assessment is presumed valid and the taxpayer must prove it is manifestly wrong." *Adams*, 1999 ME 49, ¶ 13, 727 A.2d at 349. To show that an assessment is manifestly wrong, a taxpayer must prove:

> (1) The judgment of the assessors was irrational or so unreasonable in light of the circumstances that the property is substantially overvalued and an injustice results;
>
> (2) There was unjust discrimination; or
>
> (3) The assessment was fraudulent, dishonest, or illegal.

*Muirgen Props., Inc.*, 663 A.2d at 58 (internal citations omitted); *see also Town of Southwest Harbor v. Harwood*, 2000 ME 213, ¶ 8, 763 A.2d 115, 117-18.

---

[6] During the hearing it was discovered that the Town made a computation error regarding the square footage of the residence. As a result the Town agreed to reduce the 2009 assessment from $2,830,700 to $2,799,100, a reduction of $306,200.

The court reviews the Board's "decision for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Muirgen Props., Inc.,* 663 A.2d at 58. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion; the possibility of drawing two inconsistent conclusions does not render the evidence insubstantial." *Adelman v. Town of Baldwin,* 2000 ME 91, ¶ 12, 750 A.2d 577, 853 (internal citations omitted). The court "will vacate the [Board's] conclusion that the taxpayer failed to meet this burden 'only if the record compels a contrary conclusion to the exclusion of any other inference.'" *Yusum v. Town of Raymond,* 2001 ME 61, ¶ 9, 769 A.2d 865, 870 (quoting *Weekley v. Town of Scarborough,* 676 A.2d 932, 934 (Me. 1996)).

B.      Whether the Assessment was Manifestly Wrong

The plaintiffs contend that the record compels the conclusion that their property was substantially overvalued because the Board failed to consider the fair market value of the property. They argue that their independent appraisal was more reflective of the just value of the property because it utilized more accurate methods of determining fair market value by comparing their property to other comparable homes in the area. They assert that the $1,000,000 difference between their assessment and the Town's assessment demonstrates the overvaluation of their property. They also claim that the 1.54 average grade of homes in the area, compared to the 2.81 grade of their home, demonstrates unjust discrimination.[7] The Town argues that the Board's decision is legally correct and supported by substantial evidence on the record.

---

[7] The plaintiffs also contend that the Board erred by not making an independent determination of the property's value. In *Town of Southwest Harbor v. Harwood,* 2000 ME 213, ¶ 7, 763 A.2d 115, 117, the Law Court clarified when a Board must make an independent valuation assessment:

The Board determined that the plaintiffs did meet their burden to prove that the Town's valuation was manifestly wrong. *See Town of Southwest Harbor v. Harwood*, 2000 ME 213, ¶ 8, 763 A.2d 115, 117. The plaintiffs had an opportunity to present evidence and were heard. The Board chose not to accept the valuation advocated by the plaintiffs. Rather, it based its decision on the Assessor's valuation of the property, which is presumed valid, and the deficiencies in the plaintiffs' independent appraisal. The Board did not err in concluding that the Town's assessed value was not manifestly wrong, nor did it make a decision that was unsupported by the facts on the record. *See McCuollough*, 687 A.2d at 631 (noting that Boards have discretion in resolving a factual dispute). Therefore, it was not error for the Board to accept the Assessor's opinion and determine that the independent appraisal was not an accurate reflection of the value of the plaintiffs' property. The assessed value of the property is not "so unreasonable as to violate the constitutional mandate of justness and equality." *Shawmut Inn*, 428 A.2d at 395.

Plaintiffs also contend that they were subject to unjust discrimination because other comparable parcels in the area are assessed at a lower grade. There is competent evidence in the record, however, to support the Board's conclusion that the Assessor's decision did not unjustly discriminate.

---

In an abatement proceeding, the Board must undertake its responsibilities in two parts. The Board begins its review with the presumption that the assessor's valuation is valid. *Chase v. Town of Machiasport*, 1998 ME 260, ¶ 13, 721 A.2d 636, 640. The taxpayer has the burden of overcoming that presumption. *City of Waterville v. Waterville Homes, Inc.*, 655 A.2d 365, 367 (Me. 1995). If the taxpayer presents sufficient evidence to meet his or her burden, and the Board is convinced that the assessed value was manifestly wrong, then the Board has the responsibility to undertake its own determination of just value and to grant "such reasonable abatement as the board thinks proper." 36 M.R.S.A. § 843(1); *accord City of Biddeford v. Adams*, 1999 ME 49, ¶¶ 24-25, 727 A.2d 346, 351-52; *Quoddy Realty Corp. v. City of Eastport*, 1998 ME 14, ¶ 11, 704 A.2d 407, 410.

*Id.* In this case, the Board found that the plaintiffs failed to meet their burden and upheld the Town's valuation, therefore, it was not required to make an independent valuation.

It is clear that the Board considered the plaintiffs' contention that their property was treated differently from other properties in the Town, but were not persuaded by that contention. The Board's findings explicitly note that the independent appraiser's statement that the plaintiffs' home was "superior" to any other home sold in the Sunday River area contradicts the argument that the plaintiffs' property was made with lower quality materials than the six comparable properties used in the assessment. *See Town of Bristol Taxpayers' Ass'n v. Bd. of Selectmen/Assessors for Bristol*, 2008 ME 159, ¶ 11, 957 A.2d 977, 979 ("Only similarly situated properties must receive approximately equivalent tax treatment.") (citing *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 10, 834 A.2d 916, 919). The findings also note that the plaintiffs failed to submit any other evidence of the construction costs associated with the home, evidence that they may not have been *required* to provide, but that could have supported their unjust discrimination claim. The Board considered the plaintiffs' claims, found that they were not supported by the evidence, and concluded that the Town's assessment was not manifestly wrong. *See Harwood*, 2000 ME 213, ¶ 22, 763 A.2d at 121 ("Faced with conflicting opinions, the Board was entitled to make credibility determinations . . . .") (internal citations omitted). Because the plaintiffs "did not meet their burden to show that their assessment was manifestly wrong, the Board was not compelled to grant an abatement." *Wesson*, 667 A.2d at 599 (citing *Glenridge Dev. Co. v. City of Augusta*, 662 A.2d 928, 931 (Me. 1995)).

## III. CONCLUSION

The Board's decision is supported by substantial evidence on the record, and the plaintiffs have not met their burden of demonstrating that their property was assessed in excess of its value or that it was subject to unjust discrimination.

The entry is:

> Judgment for the Town of Newry. The decision of the Oxford County Board of Assessment Review is affirmed.

DATED: May 23, 2011

_____
Robert W. Clifford
Active Retired Justice