STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. AP-18-55

JAY PLANTE, et al.,

         Petitioners

v.

TOWN OF BRUNSWICK,                                ORDER AND DECISION

         Respondents


Before the court is petitioners Jay Plante, Marcia Harrington, Dan Morgenstern, Moriah Moser, Averil Fessenden, Rol Fessenden, Chris McCarthy, Kari McCarthy, Paul Wood, Cindy Wood, Ann Ruthsdottir, and Anne Richards's Rule 80B appeal of respondent Town of Brunswick's October 29, 2018 decision. Respondent Town's Board of Assessment Review affirmed the respondent Town's Tax Assessor's valuation of petitioners' solar panel systems for the 2017 tax year. For the following reasons, respondent Town of Brunswick's Board of Assessment Review's decision is affirmed.

1.       Factual Background

Petitioners are residents and property owners in Brunswick, Maine. (R. Tab 3 2.) All petitioners own either a solar photovoltaic (PV) or a solar thermal system. (R. Tab 3 2.) Respondent Town of Brunswick is a municipality located in Cumberland County, Maine.

For the 2017 tax year, respondent Town underwent a town-wide revaluation of all real property. Respondent Town hired KRT Appraisal to conduct the revaluation. (R. Tab 16.) Petitioners' properties were assessed with extra value due to their installation of residential solar

REC'D CUMB CLERKS OFC
JUL 24 '19 AM 11:40

panel systems. (R. Tab 9.) Each solar panel system unit (panel) was assessed by respondent Town's Tax Assessor, Cathleen Jamison, with a value of $500. (R. Tab 9.)

Petitioners requested an abatement from Assessor Jamison and claimed that the solar panel systems were overvalued. (R. Tabs 4, 7.) On May 18, 2018, assessor Jamison sent letters to petitioners. (R. Tab 8.) In these letters, Assessor Jamison informed petitioners that solar panel systems are not exempt from taxation by state law and must be assessed for taxation. (R. Tab 8.) Assessor Jamison states that she used the "income approach" in order to assess the value of the solar panel systems because the other two methods, the "cost approach" and the "sales comparison approach," were not ideal to assess the solar panel systems' value. (R. Tab 8.) Assessor Jamison adjusted the value of each solar panel from $500 to $200 per panel. (R. Tab 8.)

On July 9, 2018, petitioners appealed Assessor Jamison's valuation of their solar panel systems to respondent Town's Board of Assessment Review. (R. Tab 3.) Petitioners claimed that Assessor Jamison's valuation methods did not comport with Maine's constitutional requirements. (R. Tab 3 3-6.) On October 11, 2018, respondent Town's Board of Assessment Review met to address petitioners' appeal. (R. Tab 1.) During the 2.5-hour hearing, the Board heard testimony from: petitioners' attorney Brian Marshall; petitioners Jay Plante, Marcia Harrington, and Ann Ruthsdottir; Fortunat Mueller of ReVision Energy; Mike Wilson, the chair of the Recycling and Sustainability Committee; respondent Town's Attorney Stephen Langsdorf; and respondent Town's current Assessor Justin Hennessey.[1] (R. Tab 2; Tr.) At the hearing, Assessor Justin Hennessey testified that former Assessor Jamison used a program called the "PV tool" to help

---

[1] Justin Hennessey replaced Kathleen Jamison as respondent Town's Tax Assessor.

2

calculate an average value for solar panel system units in order to assist in a reasonable mass appraisal.[2] (R. Tab 2; Tr. 26.)

The four Board members present at the meeting voted unanimously to deny the petitioners' appeal. (R. Tab 1 2.) The Board found no discrimination or illegality with the solar panel system assessments and that petitioners failed to present any evidence or testimony to demonstrate that their assessments were unjust or excessive. (R. Tab 1 1-2.)

## II.    Procedural History

Petitioners filed a complaint for appeal of government action pursuant to Rule 80B on November 15, 2018. M.R. Civ. P. 80B. In the complaint, petitioners allege (1) respondent Town's solar panel system assessment was not based on any acceptable assessment methodology, (Compl. ¶ 40); (2) respondent Town's solar panel system assessment unfairly discriminates among solar panel system owners by applying a uniform assessment rate, (Compl. ¶ 41); (3) respondent Town's solar panel system assessment unfairly discriminates against solar panel system owners compared to property owners who have made home energy investments other than solar panel systems, (Compl. ¶ 42); and (4) the Board's decision to uphold the tax is an error of law, an abuse of discretion, and is not based on substantial evidence. (Compl. ¶ 43.) In their brief, petitioners argue that the solar tax assessment is not supported by any competent assessment method and unfairly discriminates against solar owners as a class and between solar owners who own solar panels with widely varying technological capabilities. (Pets.' Br. 1-2.)

---

[2] The "PV tool" also known as the "PV Value tool" is an online resource that assessors can use to calculate the value of a given solar panel system. (R. Tab 11 1.) As described in An Appraiser's Guide to Solar, "PV Value" is a "spreadsheet tool developed by Sandia National Laboratories and Solar Power Electric [and] is intended to help determine the value of new or existing photovoltaic (PV) system installed on residential and commercial properties. It is designed to be used by real estate appraisers, mortgage underwriters, credit analysts, real property assessors, insurance claims adjusters, and PV industry sales staff. PV Value is a free Microsoft Excel spreadsheet which values a PV solar system using an income capitalization approach." (R. Tab 11 5.)

Petitioners filed their brief in support of their Rule 80B on December 20, 2018. Respondent Town filed its brief on January 22, 2019. Petitioners filed a reply brief on February 5, 2019.

Discussion

### III.    Standard of Review

The court reviews Board decisions for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024 (quotation omitted). "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion; the possibility of drawing two inconsistent conclusions does not render the evidence insubstantial." Adelman v. Town of Baldwin, 2000 ME 91, ¶ 12, 750 A.2d 577. When a Board concludes that petitioner has failed to meet the burden to prove that an abatement was merited, the court "will vacate the Board's decision only if the record compels a contrary conclusion to the exclusion of any other inference." Roque Island Gardner Homestead Corp. v. Town of Jonesport, 2017 ME 152, ¶ 11, 167 A.3d 564 (quotation omitted).

### IV.    Total Value vs. Discrete Component

Respondent Town argues that petitioners failed to satisfy their burden of proving unjust discrimination because petitioners focused only on a single component of their properties' assessed value and not the total assessed value of their properties. (Resp't's Br. 4-8.) In making its argument, respondent Town cites Roberts v. Town of Southwest Harbor, 2004 ME 132, 861 A.2d 617, and Petrin v. Town of Scarborough, 2016 ME 136, 147 A.3d 842, for the proposition that "a taxpayer fails to satisfy his or her burden of proving unjust discrimination when the claim focuses only on a component of assessed value and not on the total assessed value. (Resp't's Br. 5.) In Roberts, the taxpayer's land was divided into categories based on the characteristics and potential

4

uses of the property. Roberts, 2004 ME 132, ¶ 2, 861 A.2d 617. The taxpayer challenged the valuation of only one section, the rear section, as compared to other lots' rear sections. Id. The taxpayer did not allege that his property as a whole was overvalued. Id. The Law Court held that because the taxpayer's "unjust discrimination claim focused only on a component of his assessed value . . . and not on the total assessed value, the Board did not err in determining that [the taxpayer] failed to meet his burden of proof." Id. at ¶ 4.

Similarly, in Petrin, the taxpayers challenged the town's "large lot program," a practice where the town values larger lots at a different rate once the property exceeds the one acre "base lot." Petrin, 2016 ME 136, ¶ 7, 147 A.3d 842. The taxpayers did not challenge whether their properties were being overvalued as a whole. See id. at ¶ 35. The Law Court held that "the Board was entitled to find that the Town's assessment of an individual parcel larger than one acre represents a fair and just determination of value when considering the parcel as a whole." Id. at ¶ 36 (quotations omitted).

Solar panel systems were assessed as "outbuilding and yard items" and not as components of the building. (R. Tab 9.) Petitioners do not challenge a component of their assessed building or a component of their assessed land; they challenge a separate line item that, they argue, necessarily overvalued of their properties. Petitioners seek an abatement because they believe that the solar panel system assessment in combination with the assessment of the rest of their property is an overvaluation of their property as a whole. (R. Tab 3 1.)

Respondent Town also contends that because the solar panel system assessment constituted no more than two percent of the total value of any of the petitioners' homes, the tax could be considered reasonable and just by the Board. (Resp't's Br. 6-7.) Respondent Town cites title 36, section 848-A to argue that "assessed value is considered reasonable unless it is shown that

5

property was overvalued by more than 10%." (Resp't's Br. 7); 36 M.R.S. § 848-A (2018). Petitioners argue that section 848-A's ten percent (10%) safe harbor provision applies only to an abatement request based on assessment ratios not to specific property assessments. (Pet'rs' Reply Br. 4.)

Section 848-A states: "[i]n any proceedings relating to a protested assessment, it is a sufficient defense of the assessment that it is accurate within reasonable limits of practicality, except when a proven deviation of 10% or more from the relevant assessment ratio of the municipality or primary assessing area exists." 36 M.R.S. § 848-A. By its plain language, the ten percent safe harbor applies to a challenge based on assessment ratios and not to a challenge to a specific property assessment.

a. Do Solar Panel Systems Have Value?

Petitioners claim that there was no evidence before the Board that solar panel systems increase the value of real property in Brunswick, Maine. (Pet'rs' Br. 9-11.) Specifically, petitioners argue that there was no evidence that solar panel systems increase property value because (1) the systems were not valued before the 2017 assessment, (2) there is no comparable sales data to support an assessment, (3) the petitioners' expert, a solar panel system installer from ReVision Energy, testified that it is unknown whether and to what extent the systems provide additional value to homes, and (4) petitioner Jay Plante testified that he did not believe that solar panels systems increased his property value. (Pet'rs' Br. 10-11.) Respondent Town argues that there was substantial evidence that solar panel systems do increase real property values. (Resp't's Br. 7-8.)

The Board determined that solar panels have value. (R. Tab 1.) The court will not overturn the Board's finding unless it is not supported by substantial evidence. Aydelott, 2010 ME 25, ¶

6

10,990 A.2d 1024. The court will uphold the Board's findings of fact, "even if the record contains inconsistent evidence or evidence contrary to the result reached by the Board." Beal v. Town of Stockton Springs, 2017 ME 6, ¶ 26, 153 A.3d 768 (quotation marks omitted).

The Board heard testimony from petitioner Plante that his solar panel system saved him $500 a year in energy costs. (R. Tab 2; Tr. 13.) The Board was presented with: (1) an excerpt from An Appraisal Guide to Solar which stated "[r]ecent studies show that a solar system increases the property value by a substantial amount." (R. Tab 11 1); (2) Berkley Lab's Research Report Summary: An Analysis of the Effects of Residential Photovoltaic Energy Systems on Home Sales Prices in California which found that "research finds strong evidence that homes with PV systems in California have sold for a premium over comparable homes without PV systems."[3] (R. Tab 11 14, 67); and (3) Why is a Solar Electric Home Worth More? which stated "solar electric systems increase the value of homes . . . reducing the financial risk to purchasers. Solar electric systems can reduce or eliminate the current and future energy operating cost of the home. They hedge against or eliminate the effect of electric rate inflation." (R. Tab 11 133.)

Petitioners argue that because most of these studies were based on sales in California and none of the studies was conducted in Brunswick, Maine, the Board erred by relying on them when determining that their solar panel systems have value. (Pet'rs' Br. 8.) While it may be inappropriate to use the exact value of solar panel systems found in studies from other markets to assign a value to a solar panel system in Brunswick, the Board may use that information to determine that solar panels systems have some value.

---

[3] This research study was based in California and "the authors recommend that extrapolation of these results to different locations or market conditions be done with care." (R. Tab 11 15.)

The Board was also presented with a ReVision Energy publication, a Maine based solar panel system installer, called Why Go Solar? Solar is an Economic Opportunity!, which features a photograph of a home with a solar panel system on it and captioned "[a] solar photovoltaic installation, such as this one for a customer in Maine, will raise the value of the home roughly $20,000." (R. Tab 28; see Tab 8.) Petitioners argue that because the ReVision Energy publication has the caveat that more data is needed to determine the exact "market value" that a solar panel system adds to a home, this publication actually undercuts respondent Town's contention that this publication supports the notion that solar panel systems add value to properties. (Pet'rs' Reply Br. 6-7.) The fact that more data is required to assign value to PV systems does not prevent the Board from finding that solar panel systems have some value. Additionally, the publication endorses the use of the "PV tool" to calculate the value of a solar panel systems as a way to appraise their value despite the lack of market data. (R. Tab 28.) The Board's determination that solar panels add value to properties is supported by substantial evidence.

b. Unjust Discrimination

i. Compared to Other Home Energy Investments

Petitioners argue that assessment of the solar panel systems constitutes unjust discrimination because it treats solar panel systems differently from other home energy investments. (Pet'rs' Br. 16-17.) Respondent Town argues that solar panel systems were not targeted for assessment. The solar panels were accounted for separately and it is well within the assessor's discretion to choose the method or combination of methods to make assessments. (Resp't's Br. 11-12.)

"[T]axpayers can prove discrimination only if they show that the assessor's system necessarily results in unequal apportionment." Rams Head Pturs, LLC v. Town of Cape Elizabeth,

8

2003 ME 131, ¶ 10, 834 A.2d 916 (quotation marks omitted). Additionally, "only similarly situated properties must receive approximately equivalent tax treatment." Town of Bristol Taxpayers' Ass'n v. Bd. of Selectmen/Assessors for Bristol, 2008 ME 159, ¶ 11, 957 A.2d 977. The Law Court has rejected the notion that all properties must be "treated similarly with the general mass of taxable property." Id. (quotation marks omitted).

For appraisal purposes, the court accepts the following methods to determine the market value of real property: (1) the market data approach, (2) the income approach, and (3) the cost approach. Shawmut Inn v. Kennebunkport, 428 A.2d 384, 390 (Me. 1981). "Theoretically, all three methods are employed in any appraisal, but often only one or two are useful or even usable in a given appraisal, depending upon its nature and purpose." Id. The court affords "local assessors considerable leeway in choosing the method or combinations of methods to achieve just valuations." Town of Sanford v. J & N Sanford Tr., 1997 ME 97, ¶ 17, 694 A.2d 456 (quotations omitted).

Petitioners argued at the hearing before the Board that solar panels must be evaluated differently from other home energy investments. (R. Tab 2); (Tr. 16-17.) Petitioners insist that the income method and, specifically, the "PV tool" should be used to value solar panels. (R. Tab 2; Tr. 15 (petitioners' expert states that income method is the proper way to tax solar panel systems).) This method of assessment is different from the way heat pumps or geothermal systems are assessed, which are evaluated as a multiplier based on square footage of the home, as a component of the overall construction. (R. Tab 2); (Tr. 6); (R. Tab 17, 1 (valuation of types of exterior walls using KRT's Mass Appraisal system) & 2 (valuation of heat pumps using KRT's Mass Appraisal system).) Due to the differing nature of the assessment method for solar panels, which can be assessed using the "PV Tool," as compared to other home energy investments, such

9

as heating pumps or energy efficient installation, which are assessed as a multiplier, these property improvements are not similarly situated. (See UAH-Hydro Kennebec, L.P. v. Town of Winslow, 2007 ME 36, ¶ 16, 921 A.2d 146 (finding that town did not unjustly discriminate by taxing a power plant that had a purchase power agreement with Central Maine Power at a higher rate than the same power plant without the agreement because these power plants are not similarly situated); see also Town of Bristol Taxpayers' Ass'n, 2008 ME 159, ¶ 12, 957 A.2d 977 (holding that taxpayers failed to state an unjust discrimination claim when their argument rests on comparing their property to property that is in a different class). The record before the Board supports the finding that solar panel systems should not be evaluated the same way as other home energy investments.

### ii.     Per Panel Assessment and Method of Valuation

Petitioners argue that the solar panel assessment constitutes unjust discrimination because it applies the same per panel valuation to all solar panels regardless of size, type, or capacity. (Pet'rs' Br. 14-16.) Petitioners further argue that respondent Town's Tax Assessor did not use an accepted methodology in calculating the value for solar panels, and thus the panels were not assessed at "just value" as required by the Maine Constitution. (Pet'rs' Br. 4-9.)

Respondent Town contends that petitioners' argument fails because they did not make a showing with respect to the total assessed value of their properties and all solar panel system owners were assessed and taxed in an equal manner. (Resp't's Br. 9-10.) Respondent Town also claims petitioners failed to meet their burden to demonstrate a violation of the Maine Constitution because the assessor used the "income approach" and "PV tool" to assess the solar panel systems' value. (Resp't's Br. 12.) As discussed earlier, respondent Town's argument that petitioners did

10

not challenge all components of the total assessed value does not preclude petitioners from bringing an abatement claim.

Petitioner's believe that if respondent Town had actually used the "PV tool" as it claims to assess the values of their solar panel systems, it would have been impossible for the assessor to reach a per panel assessment of $200. (Pet'rs' Br. 7-8.) Petitioners argue panels vary in size, capacity, power, and that the direction the panel faces, its position, and factors such as shade will affect the efficiency or value of each panel when using the "PV tool." (Pet'rs' Br. 7.) Respondent Town claims that it met the constitutional requirement and used the "income approach" when the former assessor used the "PV tool" as a base reference and then attempted to find a just average in order to complete a just and fair mass appraisal. (Resp't's Br. 13-14.)

Article IX, section 8 of the Maine Constitution provides that "[a]ll taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally according to the just value thereof." Me. Const. Art. IX, § 8. To satisfy the Maine Constitution, "a municipality must ensure, first, that each property is assessed at just value, which is equivalent to market value, and, second, that the tax burden is apportioned and assessed equally in order to prevent unjust discrimination between or among taxpayers." Petrin, 2016 ME 136, ¶ 15, 147 A.3d 842 (quotations and citations omitted).

"A town's tax assessment is presumed to be valid." Roque Island Gardner Homestead Corp., 2017 ME 152, ¶ 12, 167 A.3d 564 (quotation omitted). To overcome this presumption, "the taxpayer bears the burden of proving that the assessment is manifestly wrong by demonstrating that (1) the property was substantially overvalued and an injustice resulted from the overvaluation; (2) there was unjust discrimination in the valuation of the property; or (3) the assessment was fraudulent, dishonest, or illegal." Id. (quotations omitted). "If, but only if, the taxpayer meets that

11

burden, the Commissioners must engage in an independent determination of fair market value . . . based on a consideration of all relevant evidence of just value." Yusem v. Town of Raymond, 2001 ME 61, ¶ 8, 769 A.2d 865 (quotations omitted).

To prove that an assessor's valuation of a property is an overvaluation and does not represent "just value," the taxpayer must "demonstrate that the property is overrated." Id. at ¶ 13 (quotations omitted). "Impeachment of the assessor's methodology alone is insufficient to meet that burden." Id. The Board's "responsibility was to assure that the constitutional elements of taxation were present." Id. In this case, the Board's task was to determine whether respondent Town's assessor failed to assign a value to petitioners' solar panel systems "that was fair (nondiscriminatory) and just (in line with the fair market value of the property)." Id. In order to make this determination the Board must "compare the assessed value" of the solar panel systems "with a value demonstrated" by petitioners that reflects more accurately " a fair and just value." Id.

Similar to the taxpayer in Yusem v. Town of Raymond, petitioners have challenged only the assessors' methodology without providing evidence of what the value of the solar panel systems should be using the income approach or "PV tool." Id. The petitioners did not provide "evidence necessary to undertake the comparison." Id. Because petitioners failed to meet their burden, respondent Town's Board of Assessment Review could not engage in an independent assessment of fair market value. Petitioners have failed to establish unjust discrimination.

The entry is

            The Decision of Respondent Town of Brunswick's Board of Assessment
            Review is AFFIRMED.

Date: July 23, 2019

                                  Nancy Mills
                                  Justice, Superior Court