STATE OF MAINE                                          SUPERIOR COURT
WASHINGTON, ss                                          CIVIL ACTION
                                                        DOCKET NO. AP-19-02


ROQUE ISLAND GARDNER
HOMESTEAD CORPORATION,

            Petitioner

      v.
                                                        ORDER AND DECISION
TOWN OF JONESPORT,

            Respondent


      Before the Court is Petitioner Roque Island Gardner Homestead Corporation ("Roque

Island")'s Rule 80B appeal of the September 26, 2019 decision of the Town of Jonesport Board of

Appeals (the "Board") denying Roque Island's property tax abatement request for the 2015, 2016,

and 2018 tax years.  Following the submission of the record and briefs in accordance with M.R.

Civ. P. 80B(f) and (g), and oral argument held June 2, 2020, this matter is in order for this Court's

decision.

**Background**

      Roque Island is a family homestead set up in 1940 as a non for profit corporation to hold

property and maintain a farm and a resort for family members.  (R. 162-63.)  The property held by

Roque Island and which is the subject of this appeal is 1,243 acres almost all of which is taxed as

farm land or tree growth except for a 10 acre compound.  (R. 46-47, 164.)[1]  Roque Island timely

filed tax abatement applications for the 2015, 2016, and 2018 tax years.  (R. 1, 11, 21.)  The

Jonesport (the "Town") Town Assessor assessed the Roque Island property at values of

---

[1] In 2018, the total land size was reported as 1,309 total acres.  (R. 62-63.)

$4,486,300, $4,506,200, and $4,626,900 respectively. (R. 45, 53, 61.) Roque Island sought abatements of $1,580,953 for 2015, $1,578,353 for 2016, and $ 1,626,874 for 2018. (R. 5, 15, 24.) All of the abatement applications were denied by the Jonesport Board of Assessors and appealed to the Jonesport Board of Appeals. (R. 1-3, 11-13, 21-24.)

The underlying theory of the tax abatement applications was that the Assessor had overvalued the buildings located on Roque Island when the Assessor applied a 200% Economic Obsolescence factor on those buildings and that the practice of valuing island buildings differently than mainland buildings was unjust discrimination. (R. 6-7, 16-17, 26-27.)

Prior to filing for the tax abatements that are at issue in this appeal, Roque Island filed a tax abatement application for the 2014 tax year. This application was denied by the Town and appealed to the Supreme Judicial Court. *See Roque Island Gardner Homestead Corp. v. Town of Jonesport*, 2017 ME 152, 167 A.3d 564. While this case was on appeal Roque Island requested and the Town granted a stay of Roque Island's 2015 and 2016 tax abatement applications. (R. 38, 43.) The Law Court determined in *Roque Island* that the use of the 200% economic obsolescence factor for island structures was not unjust discrimination. *Roque Island Gardner Homestead Corp.*, 2017 ME 152, ¶ 18, 167 A.3d 564. The Law Court also concluded that "the Town was entitled to consider the greater cost of constructing a building on an island in its valuation of the buildings on Roque Island." *Id.* at ¶ 17. The Law Court did not determine whether Roque Island's contestation of just the building's valuation was appropriate, when looking at the entire property's valuation. *Id.* at ¶ 16 n.5.

After the Law Court's decision on the 2014 tax abatement appeal was decided, Roque Island filed its 2018 tax abatement application. The application was denied by the Board of Assessors and appealed to the Board of Appeals. (R. 21-24.) On September 5, 2019, the Board

2

held a public hearing considering Roque Island's 2015, 2016, and 2018 tax abatement appeals. (R. 32.) The Board found that the 2015 and 2016 applications did not set forth a claim of substantial overvaluation resulting in injustice and were therefore only seeking the same unjust discrimination theory that had been rejected by the Law Court in *Roque Island.* (R.33.) The Board considered the 2018 application under both the unjust discrimination theory and substantial overvaluation. (R. 32-34.) Relying on *Roque Island*, the Board denied the unjust discrimination theory. (R. 34.) The Board also denied the substantial overvaluation challenge, concluding that Roque Island "failed to meet its burden to demonstrate substantial overvaluation resulting in injustice." (R. 33.) Fatal to Roque Island's appeal before the Board was that its secondary appraisal in support of its appeal only focused on a 10-acre area which represented less than 1% of the entire property. (R. 34.) The Board reasoned that:

> While most of the assessed value of the property is contained in the 10-acre subparcel because of the tax programs in which much of the land on the island is enrolled, the appraisal did not address the fair market value of the excluded lands or the impact of the existence of the rest of the island on the value of the 10 acres. Properties in the special tax programs of tree growth, open space, and farm land are assessed at current use value rather than their fair market value based on highest and best use, so the Town's assessed value for the 1,266 acres of land in the special tax programs is not necessarily indicative of what a willing buyer would pay and a willing seller would accept in an arms-length transaction.

(R. 34.)

Roque Island was enrolled in various taxation programs during the tax years at issue in this case. (R. 34.) In 2015 and 2016, Roque Island utilized the Tree Growth and Farmland tax valuations for its land. (R. 45-60); *see* 36 M.R.S. §§ 571-584-A (Tree Growth Tax Law), 1101-1121 (Farm and Open Space Tax Law) (2018). In 2018, Roque Island only utilized the Farmland tax valuation. (R. 61-68.) The breakdowns were as follows:

3

|  | 2015 Tax Year | 2016 Tax Year | 2018 Tax Year |
|---|---|---|---|
| Farmland Assessment | 84.80 Acres $15,480 | 84.80 Acres $15,480 | 1,291 Acres $231,010 |
| Tree Growth Assessment | 1,131 Acres $148,806 | 1,131 Acres $173,943 | N/A |
| Other Land Assessment | 27.2 Acres $1,160,100 | 27.2 Acres $1,160,100 | 18 Acres $1,143,000 |
| Buildings Assessment | $3,161,900 | $3,156,700 | $3,252,800 |
| Taxed Total | $4,486,300 | $4,506,200 | $4,626,900 |

(R. 45-68.)

The Tree Growth Tax Law encourages "forest landowners to continue the forest use of their land, the statute allows all landowners to obtain reduced valuation rates, set by the State Tax Assessor, on their forest property." *McBreairty v. Comm'r of Admin. & Fin. Servs.*, 663 A.2d 50, 54 (Me. 1995); *see also* 36 M.R.S. §§ 572, 576. The Farm and Open Space Tax Law was passed to encourage the preservation of farmland and open space and allows landowners to obtain reduced valuation rates set by the State Tax Assessor on qualifying farmland and open space. 36 M.R.S. §§ 1101, 1105, 1106-A, 1108.

Roque Island filed a complaint for appeal of government action pursuant to Rule 80B on October 21, 2019. M.R. Civ. P. 80B. In the complaint, Roque Island alleges that the Town's denial of its 2015, 2016, and 2018 tax abatement request was arbitrary, capricious, unreasonable, illegal, and not based on substantial evidence in the record. (Compl. ¶ 9.)

Roque Island filed its brief in support of its Rule 80B on December 9, 2019. The Town filed its brief on January 3, 2020. Roque Island filed a reply brief on January 17, 2020.

**Discussion**

I.  Standard of Review

The court reviews Board decisions for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion; the possibility of drawing two inconsistent conclusions does not render the evidence insubstantial." *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 12, 750 A.2d 577. When a Board concludes that petitioner has failed to meet the burden to prove that an abatement was merited, the court "will vacate the Board's decision only if the record compels a contrary conclusion to the exclusion of any other inference." *Roque Island*, 2017 ME 152, ¶ 11, 167 A.3d 564 (quotation omitted).

## II. Timeliness

The Town argues that Roque Island's 2015 and 2016 tax abatement appeals should not be considered because these appeals are untimely pursuant to 36 M.R.S. § 843 (1-A) (2018). (Rep't's Br. 5-6.) The Board's decision states that Roque Island gave no reason as to why it waited to bring these appeals in its decision, but did not find that the appeals were untimely. (R. 32-33.) Roque Island argues that 36 M.R.S. § 843 has no bearing on whether the appeals were timely. (Pet'r's Reply Br. 2-3.)

Issues of statutory interpretation are reviewed *de novo* "with the primary objective of giving effect to the Legislature's intent." *Humboldt Field Research Inst. v. Town of Steuben*, 2011 ME 130, ¶ 5, 36 A.3d 873. The Town as the party seeking to overturn the Board's decision that the appeals were timely bears the burden of persuasion. *Id.* The court will "first look to the plain meaning of the statute" and will only look at the statute's legislative history if it is ambiguous. *Beckford v. Town of Clifton*, 2014 ME 156, ¶ 9, 107 A.3d 1124 (quotation marks omitted). The text of 36 M.R.S. § 843(A-1) does not indicate what effect an agreed upon stay of a proceeding

5

would have on the 60 day appeal requirement. However, the record clearly shows that Roque Island timely appealed both the 2015 and 2016 tax abatement denials to the Board and then the Board granted an indefinite stay to see how Roque Island's 2014 appeal was decided by the Law Court. (R. 38, 43.) Though the Town is correct that the need for the stay ended after *Roque Island*, 2017 ME 152 was decided, the Town at no point, in the record provided, stated that the stay would automatically be lifted after the *Roque Island*, 2017 ME 152 decision was rendered or gave notice that the stay had been lifted subsequent to the rendering of that decision. Roque Island's 2015 and 2016 appeals were timely and do not violate the conditions set forth in 36 M.R.S. § 843.

III.    Preservation of Substantial Overvaluation Argument

The Town's decision did not consider whether the 2015 and 2016 tax assessments were substantially overvalued because the Board found that the argument had been waived because it was not argued in Roque Island's initial 2015 and 2016 abatement applications. (R. 32); (*see also* Resp't's Br. 8, n.1.) In its decision, the Board stated that, "A close examination of the 2015 and 2016 applications show that they do not set forth a claim for substantial overvaluation resulting in injustice." (R. 33.) Roque Island disputes that it waived the argument of substantial overvaluation for the 2015 and 2016 tax years because a tax assessment review conducted by the Board is not confined to the original application. (Pet'r's Br. 30-32); (Pet'r's Reply Br. 4-7.)

The Court finds that Roque Island did not waive a substantial overvaluation argument for its 2015 and 2016 tax abatement applications. First, in both the 2015 and 2016 applications Roque Island stated, "Whatever methodology an assessor adopts must be tailored towards a determination of the market value of the property and may not – as here – create an artificially increased value over and above market value." (R. 7, 17.) Though the specific words "substantial overvaluation" were not used, this provided adequate notice that Roque Island believed that its value was

6

substantially overvalued. *See Brown v. Town of Starks*, 2015 ME 47, ¶ 6, 114 A.3d 1003 ("In order to preserve an issue for appellate review, a party must timely present that issue to the original tribunal; otherwise the issue is deemed waived....An issue is raised and preserved if there was a sufficient basis in the record to alert the court and any opposing party to the existence of that issue." (quotation marks omitted)).

Additionally, during the hearing on September 5, 2019, Roque Island made it clear that it was pursuing a substantial overvaluation argument for all three of its tax abatement appeals. (*See* R. 153-56.) When discussing section 843, the Law Court held in *Stewart v. Town of Sedgwick*:

> In certain types of proceedings, the Legislature has provided for a combination of appellate review and *de novo* hearing. For example, in the context of a tax abatement appeal, the taxpayer has the burden of persuading the appellate body that the assessor's valuation was manifestly wrong. There, the appellate body undertakes its task from a starting point at which the assessor's evaluation is presumed valid. If the appellant presents evidence to overcome that presumption, the appellate tribunal must undertake an independent evaluation of fair market value based on all relevant evidence presented. In this unusual procedure, the appellate tribunal reviews the decision of a prior decision maker, but does so on an indepeudent review of evidence, including evidence newly presented at the appellate hearing.

2000 ME 157, ¶ 9, 757 A.2d 773 (quotation marks and citations omitted). Roque Island was allowed to bring new evidence before the Board and the Board was required to make an independent review of that evidence. The Court vacates the Board's decision as to the 2015 and 2016 tax years and remands the case back to the Board to make an independent review of the evidence presented.

IV.    Res Judicata of the Law Court's 2017 *Roque Island* Decision

The Town argues that the Law Court's decision in *Roque Island*, 2017 ME 152, precludes Roque Island from advancing an unjust discrimination argument for the three tax years at issue

in this appeal. (Resp't's Br. 6-8.) Roque Island agrees that the issue of unjust discrimination is precluded from being reargued on this appeal but denies that its overvaluation argument is precluded. (Pet'r's Reply Br. 3-4.) The Court will not consider any unjust discrimination arguments made by Roque Island as this issue was already decided in *Roque Island*. 2017 ME 152, ¶ 18, 167 A.3d 564. Roque Island's arguments regarding substantial overvaluation for the 2015, 2016, and 2018 tax years may go forward. *See Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 18, 705 A.2d 1109 (finding that res judicata does not bar a petitioner from advancing a new theory for abatement if the appeal occurs during a subsequent tax year).

V.     Substantial Overvaluation

The Town argues that petitioners failed to satisfy their burden of proving substantial overvaluation because Roque Island only focused on a single component of its property's assessed value and preseuted no evidence of the valuation of its property as a whole. (Resp't's Br. 8-10.) Roque Island argues that because most of the property's value is set by statute it was not required to bring evidence of that value aud that the overvaluation occurred because of the 200% economic obsolescence factor used by the Town assessor. (Pet'r's Reply Br. 9-14.)

"A town's tax assessment is presumed to be valid." *Roque Island Gardner Homestead Corp.*, 2017 ME 152, ¶ 12, 167 A.3d 564 (quotation omitted). To overcome this presumption, "the taxpayer bears the burden of proving that the assessment is manifestly wrong by demonstrating that (1) the property was substantially overvalued and an injustice resulted from the overvaluation; (2) there was unjust discrimination in the valuation of the property; or (3) the assessment was fraudulent, dishonest, or illegal." *Id.* (quotations omitted). "If, but only if, the taxpayer meets that burden, the Commissioners must engage in an independent determination of fair market value . . .

8

based on a consideration of all relevant evidence of just value." *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 8, 769 A.2d 865 (quotations omitted).

In this case Roque Island is pursuing a theory that the Town assessor substantially over valued its property which resulted in an injustice. To prove that an assessor's valuation of a property is an overvaluation and does not represent "just value," the taxpayer must "demonstrate that the property is overrated." *Id.* at ¶ 13 (quotations omitted). "Impeachment of the assessor's methodology alone is insufficient to meet that burden." *Id.*

The Board determined that Roque Island failed to present sufficient evidence that its property was overvalued and therefore did not engage in an independent determination of the fair market value of the property. (R. 32-34.) The Board reasoned that Roque Island only presented appraisal evidence as to 1% of the total land, the appraisal did not address how the rest of the island effected that 1%, and the special tax rate was not necessarily what the market value of that land would be. (R. 34.)

First, the Board erred when it stated that Roque Island did not address what the fair market value was for the land enrolled in the special tax program. (R. 34.) This reasoning undercuts the purposes of those programs. *See* 36 M.R.S. §§ 572, 1101. The Legislature intended for these programs to incentivize certain types of land use, this purpose would be undercut if the lower valuations of this land could be used as a shield for assessors to hide behind when a tax payer challenges an assessment. Roque Island should not be required to show the fair market value of the land enrolled in the legislatively created special tax programs, when, in essence it has accepted the valuations produced by the State via the legislative program.

Second, the Board stated that Roque Island failed to meet its burden because it only showed appraisals that comprised of 1% of the land on the island. (R. 34.) The Board's reasoning is similar

9

to the Law Courts holdings in two unjust discrimination cases, Roberts v. Town of Southwest Harbor, 2004 ME 132, 861 A.2d 617, and Petrin v. Town of Scarborough, 2016 ME 136, 147 A.3d 842. These two cases held that a taxpayer fails to satisfy his or her burden when the abatement focuses only on a component of the property's assessed value and not on the total assessed value. *Petrin*, 2016 ME 136, ¶ 36, 147 A.3d 842 ("[T]he Board was entitled to find that the Town's assessment of an individual parcel larger than one acre represents a fair and just determination of value when considering the parcel as a whole."); *Roberts*, 2004 ME 132, ¶ 4, 861 A.2d 617 ("[U]njust discrimination claim focused only on a component of his assessed value . . . and not on the total assessed value, the Board did not err in determining that [the taxpayer] failed to meet his burden of proof."). These cases are distinguishable from the appeal currently before the Court. Both of these cases discussed unjust discrimination claims and in each the taxpayer failed to state that their property was substantially overvalued. *Petrin*, 2016 ME 136, 147 A.3d 842; *Roberts*, 2004 ME 132, 861 A.2d 617. Roque Island is seeking abatements because it claims that the valuation of the 10 acre compound resulted in a substantial overvaluation of the entire property. Roque Island is not required to state or prove that every section of its property was overvalued to bring a substantial overvaluation claim. Again, Rogue Island accepted the valuations for those portions of the property in the legislative programs.

Roque Island was required to present evidence of what the just value of its property was and that the assessed value was substantially overrated, thus triggering the Board to make an independent determination of the fair market value "based on a consideration of all relevant evidence of just value." *Yusem*, 2001 ME 61, ¶ 8, 769 A.2d 865. The Court finds that Roque Island met this burden. During the September 5, 2019 hearing, Roque Island presented the following evidence:

1) An appraisal conducted by a qualified appraiser Jerome Suminsby that the fair market value of the Roque Island compound on April 1, 2018 was $2,300,000. (R. 78.) This appraisal utilized a sales comparison approach, where it compared the Roque Island property to other sales of similar property. (R. 100-36.)

2) Letters from building contractors that addressed the extra cost associated with building on an island as opposed to on the mainland. (R. 69-72.) These letters stated that the use of a 200% economic obsolescence factor was an overvaluation and that the extra cost was in the 120% to 135% range. (R. 69-72.)

Rogue Island having met its burden, the Board was required to make an independent determination of the fair market value.

The entry is

> The Decision of the Town of Jonesprt's Board of Appeals is VACATED and the Court REMANDS the appeal back to the Jonesport's Board of Appeals to make an independent determination of the fair market value of the Roque Island Property for the 2015, 2016 and 2018 tax years based on all relevant evidence of just value.

Date: 6 - 15 , 2020

Harold L. Stewart, II
Justice, Superior Court

11